Joseph Player sued Goldome Credit Corporation and other defendants asserting a number of claims, including a claim seeking an award of an attorney fee. Player also moved the trial court to certify the action as a class action. The trial court granted Player's motion and certified the plaintiff class. Sheila Poppell was later added as an additional class representative. The trial court conducted a jury trial as to the claims at issue between the plaintiff class and Goldome.
On February 8, 2001, the trial court entered an order, based in part on the jury's verdict, in favor of the plaintiff class and against Goldome as to the claims of the plaintiff class against Goldome. The trial court awarded the plaintiff class certain injunctive and declaratory relief and awarded the plaintiff class and the class representatives damages. In that order, the trial court also determined that the plaintiff class was entitled to an attorney fee from Goldome, but it reserved for a later date the determination of the amount of that attorney fee. Goldome appealed to the Supreme Court of Alabama.
On September 6, 2001, our supreme court issued an order in which it found that the claims of the plaintiff class against two other defendants remained pending. The supreme court remanded the action for the trial court to certify the judgment against Goldome as final pursuant to Rule 54(b), Ala.R.Civ.P.; to adjudicate any remaining claims; or to take no action, in *Page 1148 
which event Goldome's appeal would be dismissed. The trial court took no action, and on October 3, 2001, the supreme court dismissed Goldome's appeal.
A little over one year later, on November 25, 2002, the trial court again entered an order in favor of the plaintiff class and against Goldome with regard to the claims of the plaintiff class against Goldome. In its November 25, 2002, order, the trial court "expressly retain[ed] jurisdiction of the issue of an attorney fee to be awarded to counsel for the plaintiff class." The trial court also purported to certify its November 25, 2002, order as final pursuant to Rule 54(b). Goldome appealed to our supreme court, which transferred the appeal to this court on the basis that this court had appellate jurisdiction. On appeal, Goldome raises issues pertaining to the merits of the class action and an issue concerning the trial court's determination of its liability for an attorney fee. The plaintiff class cross-appealed.
Matters of jurisdiction are of such significance that an appellate court may take notice of them at any time ex mero motu. Wallace v. TeeJays Mfg. Co., 689 So.2d 210 (Ala.Civ.App. 1997). Accordingly, we must initially determine whether the trial court's November 25, 2002, order was properly certified as final pursuant to Rule 54(b). We conclude that it was not.
Not every order has the requisite element of finality that can trigger the operation of Rule 54(b). Moss v. Williams, 747 So.2d 905
(Ala.Civ.App. 1999). Therefore, a trial court should certify a nonfinal order as final pursuant to Rule 54(b) only "where the failure to do so might have a harsh effect." Brown v. Whitaker Contracting Corp.,681 So.2d 226, 229 (Ala.Civ.App. 1996) (overruled on other grounds,Schneider Nat'l Carriers, Inc. v. Tinney, 776 So.2d 753 (Ala. 2000)). Rule 54(b) certifications are not to be entered routinely and should be made only in exceptional cases. Parrish v. Blazer Fin. Servs., Inc.,682 So.2d 1383 (Ala.Civ.App. 1996). "`Appellate review in a piecemeal fashion is not favored.'" Harper Sales Co. v. Brown, Stagner,Richardson, Inc., 742 So.2d 190, 192 (Ala.Civ.App. 1999) (quoting Brownv. Whitaker Contracting Corp., 681 So.2d at 229).
In James v. Alabama Coalition for Equity, Inc., 713 So.2d 937 (Ala. 1997), our supreme court, among other things, addressed the issue whether an order establishing liability for an attorney fee, but not determining the amount of that fee award, was properly certified as final pursuant to Rule 54(b). Our supreme court held that the Rule 54(b) certification was not appropriate for an order that determined only the liability for an attorney-fee award but not the amount of that fee award. James v. AlabamaCoalition for Equity, Inc., 713 So.2d at 942. In so holding, the court quoted from a case decided by the United States Court of Appeals for the Fifth Circuit that had reached a similar holding:
 "`The certification in respect to attorneys' fees was ineffective because the whole of [the plaintiff's] claim against [the defendant] for attorneys' fees had not been adjudicated since the amount of recoverable fees remained undetermined (and, indeed, what the magistrate purportedly certified in this regard was not the whole attorneys' fees claim, but only the liability portion thereof).'"
James v. Alabama Coalition for Equity, Inc., 713 So.2d at 942 (quotingSidag Aktiengesellschaft v. Smoked Foods Prods. Co., 813 F.2d 81, 84 (5th Cir. 1987)) (emphasis in Sidag). Our supreme court noted that only a "`fully adjudicated whole claim against a party may be certified under Rule 54(b).'" James, 713 So.2d at 942 (quoting Sidag, 813 F.2d at 84) (emphasis *Page 1149 
in Sidag). But see Budinich v. Becton Dickinson Co., 486 U.S. 196
(1988) (while noting that under Colorado state law the judgment would be nonfinal, the United States Supreme Court held that, applying28 U.S.C. § 1291, a judgment that failed to resolve the issue or part of an issue pertaining to attorney fees was sufficiently final to support an appeal under federal law); State Board of Educ. v. Waldrop, 840 So.2d 893,900 (Ala. 2002) (citing Budinich only generally and without any decision whether the reasoning of that case applied to Alabama state law, our supreme court rejected an argument that a first order that did not address a request for an attorney fee was final and that therefore the court could not consider a second order that awarded an attorney fee and concluded that it was "inclined to reach the merits" of the attorney-fee issue).
In this case, the trial court determined Goldome's liability on the claim of the plaintiff class seeking an award of an attorney fee, but it did not ascertain the amount of that attorney-fee award. The plaintiff class sought a total of $390,992.30 as an attorney fee. Our supreme court determined that this matter, as it is currently presented on appeal, is within the jurisdiction of this court, apparently because the damages actually awarded totaled $2,000, well within the jurisdictional limits of this court. See § 12-3-10, Ala. Code 1975 (providing that the Court of Civil Appeals has original jurisdiction of all civil cases where the amount in controversy, exclusive of interest and costs, does not exceed $50,000). However, it is possible, given the amount of the attorney fee requested by the plaintiff class, that the trial court's determination of the amount of the attorney-fee award could exceed the jurisdictional limit of this court. Treating the November 25, 2002, order as final would result in this court having jurisdiction over the issue of liability on the attorney-fee claim and our supreme court's having jurisdiction over the amount actually awarded on that claim. As stated earlier, the courts of this state do not favor piecemeal litigation.[1] See Harper SalesCo. v. Brown, Stagner, Richardson, Inc., supra. This would seem particularly true in a case in which two different courts, because of their jurisdictional limitations, might be called on to review different aspects of the same request or claim for an attorney fee.
The plaintiff class's claim with regard to an award of an attorney fee has not been fully adjudicated. We conclude that the trial court erred in certifying its November 25, 2002, order as final pursuant to Rule 54(b).See James v. Alabama Coalition for Equity, Inc., supra; and SidagAktiengesellschaft v. Smoked Foods Prods. Co., supra. Therefore, that certification must be set aside. Williams v. Fogarty, 727 So.2d 831
(Ala.Civ.App. 1999).
The appeal and cross-appeal are taken from a nonfinal judgment. A nonfinal judgment will not support an appeal. Bacadam OutdoorAdvertising, Inc. v. Kennard, 721 So.2d 226 (Ala.Civ.App. 1998). Therefore, this court must dismiss the appeal and the cross-appeal. *Page 1150 
APPEAL DISMISSED; CROSS-APPEAL DISMISSED.
YATES, P.J., and PITTMAN, J., concur.
CRAWLEY and MURDOCK, JJ., dissent.
[1] Rule 58, Fed.R.Civ.P., was amended after the United States Supreme Court's decision in Budinich v. Becton Dickinson Co., supra. That rule now provides that, although the entry of judgment may not be delayed in order to award an attorney fee, upon a timely motion by a party, the court may treat a request for an attorney fee as a postjudgment motion. As the "Notes of Advisory Committee on 1993 Amendments" to Rule 58, Fed.R.Civ.P., state, "in many cases it may be more efficient to decide fee questions before an appeal is taken so that appeals relating to the fee award can be heard at the same time as appeals relating to the merits of the case."