MURDOCK, Judge.
Michael S. Brooks and Carole B. Brooks appeal from a judgment of the DeKalb Circuit Court declaring that they owned a nonexclusive easement for the construction and maintenance of a driveway and utilities across a 15-foot-wide strip of land (hereinafter referred to as “the easement parcel”) and that the easement parcel was owned in fee simple by Lonnie Hale and Sharon D. Hale. The Brookses claimed that they owned the easement parcel in fee simple and that the Hales owned no interest in the easement parcel.
This appeal arises out of the construction of several deeds and, in particular, the construction of a deed from Bennon Spill-man and Wanda Spillman, the Hales’ predecessors in title, to Lane Killian and Joanna Killian, the Brookses’ predecessors in title (hereinafter referred to as “the October 1984 deed”). The Brookses argue that the October 1984 deed conveyed to the Killians fee simple title to the easement parcel and that the Killians subsequently conveyed fee simple title to them. The Hales argue that the October 1984 deed conveyed to the Killians an easement for the construction and maintenance of a driveway and utilities on the easement parcel and that the Spillmans subsequently conveyed fee simple title to the easement parcel to them, subject to an easement in favor of the Brookses.
In September 2000, the Hales filed a complaint in the DeKalb Circuit Court, alleging that they were the owners of a 6.5-acre parcel of land that included the easement parcel. The Hales alleged that *749 the Brookses owned a 2.5-acre parcel of land adjoining their property on one corner and that the Brookses owned only an easement over the easement parcel “for the purpose of the construction and maintenance of a driveway and utilities.” The Hales alleged that they had attempted to use the easement parcel in a manner that did not interfere with the Brookses use of the parcel for utilities or a driveway, that Mr. Brooks had interfered with their use of the easement parcel, that Mr. Brooks had claimed to own the easement parcel, and that Mr. Brooks had threatened physical violence against them. The Hales requested that the trial court enter an order enjoining the Brookses from interfering with their use of the easement parcel; from “threatening, harassing, or intimidating [the Hales] in the use of their property”; and from destroying shrubbery that the Hales had planted along the easement parcel. The Hales also requested that the trial court award them reasonable attorney fees.
The Brookses filed an answer to the Hales’ complaint, admitting that they owned an easement over the easement parcel but denying that “the property described in said easement is owned by [the Hales].” The Brookses subsequently filed an amended answer, alleging that they owned the easement parcel in fee simple and denying that the Hales were entitled to any of the relief that they had requested in their complaint.
The Brookses filed a motion for a summary judgment and argued that, based on the terms of the October 1984 deed and other deeds submitted with their motion, the trial court should enter a summary judgment finding that they owned the easement parcel in fee simple. The Hales also filed a motion for a summary judgment, arguing that, based on the submitted deeds, the trial court should enter a summary judgment finding that they owned the easement parcel in fee simple.
Based on the parties’ submissions, the trial court entered an order in January 2002, holding that the October 1984 deed was ambiguous. The trial court stated:
“Giving consideration to the language of the [October 1984 deed] and also the subsequent acts of the Spillmans and Killians which show the construction that they placed on the language of [the October 1984 deed], the court finds and adjudges that the interest of the [Brookses] in the [easement parcel] is limited to that of a non-exclusive easement for the construction and maintenance of a driveway and utilities, with the [Hales] holding a fee simple interest therein subject to the easement.
“The [Hales’] claim for injunctive relief and attorney fees shall await further action by the court.”
The Brookses filed a motion requesting that the trial court alter, amend, or vacate its January 2002 order, or, in the alternative, that it' certify the order as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. The trial court denied the Brooks-es’ motion to alter, amend, or vacate the January 2002 order. However, it purported to certify the January 2002 order as a final judgment pursuant to Rule 54(b), stating that a “final judgment is hereby entered as to the issues addressed in the [January 2002 order], there being no just reason for delay.” The Brookses appealed to the Alabama Supreme Court. The case was transferred to this court pursuant to Ala.Code .1975, § 12-2-7(6).
The Brookses argue that the trial court erred by determining that the October 1984 deed was ambiguous and that it erred by determining, based on its construction of the various deeds, that they did not own fee simple title to the easement parcel. *750 However, we cannot address the merits of the Brookses’ appeal because we conclude that the trial court’s Rule 54(b) certification was erroneous and that the Brookses’ appeal must be dismissed for want of jurisdiction.
Rule 54(b), Ala. R. Civ. P., provides, in pertinent part:
“When more than one claim for relief is presented in an action, ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.”
In James v. Alabama Coalition for Equity, Inc., 713 So.2d 937 (Ala.1997), the Alabama Supreme Court stated:
“Not every order has the element of finality necessary to trigger the application of Rule 54(b). Tanner v. Alabama Power Co., 617 So.2d 656, 656 (Ala.1993) (Rule 54(b) ‘confers appellate jurisdiction over an order of judgment only where the trial court “has completely disposed of one of a number of claims, or one of multiple parties” ’ (emphasis in Tanner)).”
James, 713 So.2d at 941.
Our Supreme Court has also stated:
“Neither federal nor state courts have been able to settle on a single test to determine when claims are separate or exactly what constitutes a claim. See, Tolson [v. United States], 732 F.2d [998,] at 1001 [(D.C.Cir.1984)]; Cates v. Bush, 293 Ala. 535, 307 So.2d 6 (1975). However, authorities have stated that ‘when plaintiff is suing to vindicate one legal right and alleges several elements of damage, only one claim is presented and subdivision (b) [of rule 54] does not apply.’ 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure: Civil 2d, § 2657, at 69-71 (1983); Landry v. G.B.A., 762 F.2d 462, 464 (5th Cir.1985).”
Precision American Corp. v. Leasing Serv. Corp., 505 So.2d 380, 381 (Ala.1987).
The Hales’ complaint alleged that the Brookses had wrongfully interfered with the Hales’ legal rights in the easement parcel. ' Based on that claim, the Hales requested that the trial court enter an order granting them several types of in-junctive relief to prevent the Brookses from interfering with their ownership rights. The trial court’s entry of a summary judgment finding that the Hales owned the easement parcel and that the Brookses had a nonexclusive easement across the easement parcel did not adjudicate the Hales’ claims for relief. To the contrary, the trial court expressly reserved any ruling on the injunctive and other relief requested by the Hales.
As this court stated in Moss v. Williams, 747 So.2d 905 (Ala.Civ.App.1999), a case that is similar to the present case:
“ ‘Rule 54(b) certifications should be made only in exceptional cases and should not be entered routinely.’ Parrish v. Blazer Financial Services, Inc., 682 So.2d 1383[, 1385] (Ala.Civ.App.1996). This case does not present a set of exceptional facts that would justify a Rule 54(b) certification of the partial summary judgments. The trial court has determined that the Coakers and Williams are the rightful owners of the disputed portions of property and that the Mosses unlawfully possessed the disputed pieces of property. Both the Coakers and Williams have asserted claims for damages against the Mosses for the Mosses’ alleged interference with their property rights. The trial court’s judgment does not adequately demonstrate a reason that this court should *751 review the partial summary judgments before the adjudication of the remaining claims for damages in the two actions .... [Cjourts do not favor appellate review in a piecemeal fashion.”
747 So.2d at 907.
We conclude that the trial court’s Rule 54(b) certification was erroneous. The Brookses’ appeal is premature and must be dismissed for want of jurisdiction.
APPEAL DISMISSED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.