Lisa Schlarb appeals the trial court's partial summary judgment for Davis Lee and Danny Yancey, the defendants in an action filed by Schlarb in the Marshall Circuit Court. We dismiss the appeal.
In February 2003, Lee and Yancey, the owners of Job Source, L.L.C., terminated Schlarb's employment with that company. On December 14, 2004, Schlarb sued Lee and Yancey, stating two counts in her complaint. In one count, Schlarb claimed to have an ownership interest in Job Source, which interest, according to her, Lee and Yancey had unlawfully converted by terminating her employment. In an alternative count, Schlarb alleged that Lee and Yancey had been guilty of fraud. According to Schlarb, while Lee and Yancey had represented to her that she would have an ownership interest in Job Source, she never received any "indicia of ownership in the business."
On September 22, 2005, Lee and Yancey filed a motion for a summary judgment. Before the trial court ruled on the motion, Schlarb amended her complaint to add a breach-of-contract claim against Lee and Yancey. After incorporating by reference the allegations of her earlier complaint, Schlarb simply alleged that she had "a contractual relationship" with Lee and Yancey, which they had breached by her "exclusion . . . from the business of Job Source."
On November 21, 2005, the trial court entered a summary judgment for Lee and Yancey on Schlarb's conversion and fraud claims. On November 30, 2005, the trial court, sua sponte, certified its partial summary judgment as final under Rule 54(b), Ala. R. Civ. P. Schlarb's breach-of-contract claim remains pending in the trial court.
This Court looks with some disfavor upon certifications under Rule 54(b).
 "It bears repeating, here, that "[c]ertifications under Rule 54(b) should be entered only in exceptional cases and should not be entered routinely."' State v. Lawhorn, 830 So.2d 720, 725 (Ala. 2002) (quoting Baker v. Bennett, 644 So.2d 901, 903
(Ala. 1994), citing in turn Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373 (Ala. 1987)). `"`Appellate review in a piecemeal fashion is not favored.'"' Goldome Credit Corp. [v. Player, 869 So.2d 1146, 1148 (Ala.Civ.App. 2003)] (quoting Harper Sales Co. v. Brown, Stagner, Richardson, Inc., 742 So.2d 190, 192 (Ala.Civ.App. 1999), quoting in turn Brown v. Whitaker Contracting Corp., 681 So.2d 226, 229 (Ala.Civ.App. 1996)) (emphasis added)."
Dzwonkowski v. Sonitrol of Mobile, Inc.,892 So.2d 354, 363 (Ala. 2004). Also, a Rule 54(b) certification should not be entered if the issues in the claim being certified and a claim that will remain pending in the trial court "`are so closely intertwined that separate adjudication would pose an unreasonable *Page 420 
risk of inconsistent results.'" Clarke-Mobile Counties GasDist. v. Prior Energy Corp., 834 So.2d 88, 95 (Ala. 2002) (quoting Branch v. SouthTrust Bank of Dothan, N.A.,514 So.2d 1373, 1374 (Ala. 1987)).
Lee and Yancey argue that "the facts and issues relating to Schlarb's claim of breach of contract are so closely intertwined with the issues relating to her claims [of] fraud and conversion that, in the interest of justice and judicial economy, certification pursuant to Rule 54(b) was improper." Lee and Yancey's brief, at 22 n. 6. Schlarb has not replied to this argument. We agree with Lee and Yancey.
The essence of both Schlarb's fraud claim and her breach-of-contract claim is that Lee and Yancey agreed to, but did not, give her an ownership interest in Job Source. Before this Court, in arguing that she had an interest in Job Source sufficient to support her claim of conversion, Schlarb relies, in substantial part, upon her alleged discussions with Lee and Yancey concerning the division of ownership in Job Source. Under these circumstances, we conclude that, in the interest of justice, Schlarb's fraud and conversion claims should not be adjudicated separately from the beach-of-contract claim.
The trial court exceeded its discretion in certifying the partial summary judgment as final. "A nonfinal judgment will not support an appeal." Dzwonkowski, 892 So.2d at 363. Consequently, this appeal is dismissed as being from a nonfinal judgment.
APPEAL DISMISSED.
NABERS, C.J., and LYONS, SMITH, and PARKER, JJ., concur.