THOMPSON, Presiding Judge.
 

 On December 14, 2004, Lisa Schlarb sued Davis Lee, Danny Yancey, and Job Source, LLC, alleging a claim of conversion against all three defendants and a claim of fraud against Lee. Lee, Yancey, and Job Source moved to dismiss Schlarb’s claims. On March 22, 2005, the trial court entered an order dismissing Schlarb’s conversion claim and allowing her an additional 30 days to provide a more definite statement of her fraud claim.
 
 See
 
 Rule 9(b), Ala. R. Civ. P. (requiring that all claims alleging fraud “be stated with particularity”).
 

 On April 5, 2005, Schlarb filed an amended complaint in which she purported to reassert her claim alleging conversion
 
 *800
 
 and stated her fraud claim with more particularity; in restating her fraud claim, Schlarb also alleged a fraud claim against Yancey. On September 22, 2005, Lee and Yancey (hereinafter “the defendants”) moved for a summary judgment. On October 31, 2005, Schlarb filed a second amended complaint in which she asserted a breach-of-contract claim against the defendants. On November 21, 2005, the trial court entered an order granting the defendants’ September 22, 2005, summary-judgment motion, thereby entering a judgment on Schlarb’s fraud claims. The trial court certified that summary judgment as final pursuant to Rule 54(b), Ala. R. Civ. P., on November 30, 2005, and Schlarb appealed. Our supreme court concluded that the Rule 54(b) certification had not been appropriate, and it dismissed the appeal as having been taken from a nonfinal judgment.
 
 Schlarb v. Lee,
 
 955 So.2d 418, 419-20 (Ala.2006).
 

 After the dismissal in
 
 Schlarb v. Lee,
 
 supra, on February 9, 2007, the defendants filed a motion for a summary judgment on the breach-of-contract claim Schlarb had asserted in her second amended complaint, and Schlarb opposed that motion. The trial court entered an order on March 26, 2007, in which it denied the defendants’ motion for a summary judgment on Schlarb’s breach-of-contract claim.
 

 On November 29, 2007, Lee filed a motion for a partial summary judgment in which he argued that Schlarb’s claim for damages made pursuant to her breach-of-contract claim should be limited as prescribed in § 10-8A-701, Ala.Code 1975, which governs the “[pjurchase of [a] dissociated partner’s interest” under the Uniform Partnership Act, § 10-8A-1 et seq., Ala.Code 1975. Yancey then renewed his motion for a summary judgment on Schlarb’s breach-of-contract claim.
 

 On February 21, 2008, the trial court entered a summary judgment in favor of Yancey “on all issues,” although the only claim that remained pending against Yan-cey at that time was the breach-of-contract claim. On that same date, in a separate order, the trial court entered a partial summary judgment in favor of Lee, determining that any damages Schlarb might seek on her breach-of-contract claim against him must be limited “as set out in said motion for a summary judgment,” i.e., pursuant to § 10-8A-701. On March 28, 2008, the trial court,
 
 ex mero motu,
 
 certified its two February 21, 2008, summary-judgment orders as final pursuant to Rule 54(b), and Schlarb appealed. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
 

 “ ‘Ordinarily, an appeal can be brought only from a final judgment.’ ”
 
 North Alabama Elec. Coop. v. New Hope Tel. Coop.,
 
 7 So.3d 342, 344 (Ala.2008) (quoting
 
 Grantham v. Vanderzyl,
 
 802 So.2d 1077, 1079 (Ala.2001)). Although the trial court in this case certified the summary-judgment orders from which Schlarb appeals as final pursuant to Rule 54(b), not every order is sufficiently final so as to render a Rule 54(b) certification appropriate.
 
 Goldome Credit Corp. v. Player,
 
 869 So.2d 1146, 1147 (Ala.Civ.App.2003). In fact, Rule 54(b) certifications should be made only in exceptional circumstances.
 
 Id.
 
 Our supreme court has explained:
 

 “This Court looks with some disfavor upon certifications under Rule 54(b).
 

 “ ‘It bears repeating, here, that “ ‘[certifications under Rule 54(b) should be entered only in exceptional cases and should not be entered routinely.’ ”
 
 State v. Lawhorn,
 
 830 So.2d 720, 725 (Ala.2002) (quoting
 
 Baker v. Bennett,
 
 644 So.2d 901, 903 (Ala.1994), citing in turn
 
 Branch v. SouthTrust
 
 
 *801
 

 Bank of Dothan, N.A.,
 
 514 So.2d 1373 (Ala.1987)). “ ‘ “Appellate
 
 review in a piecemeal fashion is not favored.”
 
 ’ ”
 
 Goldome Credit Corp. [v. Player,
 
 869 So.2d 1146, 1148 (Ala.Civ.App.2003) ] (quoting
 
 Harper Sales Co. v. Brown, Stagner, Richardson, Inc.,
 
 742 So.2d 190, 192 (Ala.Civ.App.1999), quoting in turn
 
 Brown v. Whitaker Contracting Corp.,
 
 681 So.2d 226, 229 (Ala.Civ.App.1996)) (emphasis added).’
 

 “Dzwonkowski v. Sonitrol of Mobile, Inc.,
 
 892 So.2d 354, 363 (Ala.2004). Also, a Rule 54(b) certification should not be entered if the issues in the claim being certified and a claim that will remain pending in the trial court ‘ “are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.” ’
 
 Clarke-Mobile Counties Gas Dist. v. Prior Energy Corp.,
 
 834 So.2d 88, 95 (Ala.2002) (quoting
 
 Branch v. SouthTrust Bank of Dothan, N.A.,
 
 514 So.2d 1373, 1374 (Ala.1987)).”
 

 Schlarb v. Lee,
 
 955 So.2d at 419-20.
 

 Schlarb’s claims in this litigation are based upon her allegations that she has a 17% interest in Job Source, of which Lee and Yancey are shareholders. In her initial complaint, Schlarb alleged that Lee, Yancey, and Job Source had converted her ownership interest in Job Source by unlawfully terminating her employment with Job Source. In her original complaint and in the first amended complaint, Schlarb alleged that the defendants had fraudulently represented to her that she would receive a 17% ownership interest in Job Source but that they had never transferred that interest to her. In her second amended complaint, Schlarb alleged that a contract existed between her and the defendants and that the defendants had breached that contract by excluding her from “the business of Job Source.”
 

 In
 
 Schlarb v. Lee,
 
 supra, our supreme court summarized the facts supporting its determination that a Rule 54(b) certification of the November 21, 2005, summary-judgment order was not appropriate as follows:
 

 “The essence of both Schlarb’s fraud claim and her breach-of-contract claim is that Lee and Yancey agreed to, but did not, give her an ownership interest in Job Source. Before this Court, in arguing that she had an interest in Job Source sufficient to support her claim of conversion, Schlarb relies, in substantial part, upon her alleged discussions with Lee and Yancey concerning the division of ownership in Job Source. Under these circumstances, we conclude that, in the interest of justice, Schlarb’s fraud and conversion claims should not be adjudicated separately from the beaeh-of-contract claim.”
 

 Schlarb v. Lee,
 
 955 So.2d at 420.
 

 The posture of the litigation giving rise to this appeal with regard to Lee is essentially the same as it was in
 
 Schlarb v. Lee.
 
 At the time of the appeal in
 
 Schlarb v. Lee,
 
 Schlarb’s breach-of-contract claim remained pending in the trial court. Currently, Schlarb’s breach-of-contract claim against Lee remains pending; in its February 21, 2008, summary-judgment order, the trial court concluded only that Schlarb’s damages on the breach-of-contract claim were due to be limited.
 
 [1]
 
 Our supreme court has already determined that the breach-of-contract claim “should not be adjudicated separately” from the other claims.
 
 Schlarb v. Lee,
 
 955 So.2d at 420. “ ‘It is well established that on remand the issues decided by an appellate court become the “law of the case,” and
 
 *802
 
 that the trial court must comply with the appellate court’s mandate.’ ”
 
 Southern United Fire Ins. Co. v. Purma,
 
 792 So.2d 1092, 1094 (Ala.2001) (quoting
 
 Gray v. Reynolds,
 
 553 So.2d 79, 81 (Ala.1989)). Thus, we must conclude that the trial court erred in certifying its partial summary judgment in favor of Lee as final pursuant to Rule 54(b).
 
 Schlarb v. Lee,
 
 supra;
 
 Southern United Fire Ins. Co. v. Purma,
 
 supra.
 

 The February 21, 2008, summary-judgment order in favor of Yancey disposed of the breach-of-contract claim, the sole remaining pending claim against Yan-cey. Assuming, without deciding, that the dismissal in
 
 Schlarb v. Lee,
 
 supra, controls under the theory of law of the case, we conclude that the Rule 54(b) certification of the summary judgment in favor of Yan-cey was ineffective. With regard to her breach-of-contract claim, Sehlarb has alleged, among other things, that both defendants’ actions created an implied contract to provide her an interest in Job Source and that both defendants breached that contract. Thus, the factual allegations that give rise to the breach-of-contract claim against each defendant are closely intertwined and cannot be sepa rately adjudicated.
 
 Schlarb v. Lee,
 
 supra. Accordingly, we conclude that the breach-of-contract claim against Yancey “should not be adjudicated separately from the breach-of-contract claim” against Lee.
 
 Schlarb v. Lee,
 
 955 So.2d at 420. Rule 54(b) certifications should be entered only in exceptional cases.
 
 Goldome Credit Corp. v. Player,
 
 supra;
 
 Parrish v. Blazer Fin. Servs., Inc.,
 
 682 So.2d 1383, 1385 (Ala.Civ.App.1996). The facts of this case are not so exceptional as to warrant a Rule 54(b) certification of the summary-judgment order in favor of Yancey.
 
 First Southern Bank v. O’Brien,
 
 931 So.2d 50, 53 (Ala.Civ.App.2005);
 
 Brooks v. Hale,
 
 870 So.2d 748, 750 (Ala.Civ.App.2003).
 

 The trial court erred in entering its March 28, 2008, order certifying the February 21, 2008, summary-judgment orders as final pursuant to Rule 54(b). Therefore, this appeal is taken from nonfinal orders, and it must be dismissed.
 
 Hammock v. WaL-Mart Stores, Inc.,
 
 8 So.3d 939, 942 (Ala.2008);
 
 North Alabama Elec. Coop. v. New Hope Tel. Coop.,
 
 7 So.3d at 346; and
 
 Schlarb v. Lee,
 
 955 So.2d at 420.
 

 APPEAL DISMISSED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . We do not reach the issue of the correctness of that ruling.