BRYAN, Judge.
 

 John Wheeler, Jr., the plaintiff below, appeals from a partial summary judgment in favor of James Bice, one of the defendants below. We dismiss the appeal.
 

 
 *1078
 
 In March 2007, Wheeler and Bice engaged in a business transaction involving a house on Lott Road in Chunchula that was owned by Bice (“the house”); however, Wheeler and Bice disagree regarding the terms they agreed to in that transaction. Wheeler, who says that he negotiated the terms of the transaction with Melton Ever-itte (“Melton”) instead of Bice, asserts that he contracted to buy the house for a total price of $160,000 and that he and Melton agreed that he would pay $5,000 down, that he would pay $1,000 per month from April 2007 through December 2007, and that he would be given a credit against the $160,000 purchase price for those payments. Bice asserts that Wheeler contracted to lease the house for the nine-month period from April 2007 through December 2007 for a total rent of $14,000 to be paid as a $5,000 down payment and monthly installments of $1,000 from April 2007 through December 2007. Bice also asserts that the terms of his agreement with Wheeler are contained in a written residential lease that Wheeler signed; however, neither Bice nor anyone acting on his behalf signed the residential lease.
 

 Wheeler and Bice agree that Wheeler did some work on the house in April and May 2007; however, they disagree regarding whether Wheeler was renovating or altering the house and whether Wheeler had the right to do the work. Wheeler asserts that the house had to be renovated because it was in poor condition and that he had a right to do the work because, he says, he was the purchaser of the house. Wheeler further asserts that he spent $32,000 on the renovation work and that he is entitled to be compensated for that expenditure. Bice, on the other hand, asserts that the house did not need renovation and that the work effected alterations to the house that were of poor quality. Bice further asserts that Wheeler did not have the right to make the alterations because, Bice says, the residential lease prohibited Wheeler from making alterations to the house without Bice’s consent and Bice did not consent to the alterations. Bice also asserts that, because the alterations are of poor quality, he will incur the expense of restoring the house to its original condition and he is entitled to compensation for that expense.
 

 Wheeler claims that, in May 2007, Bice wrongfully ordered him to leave the house and changed the locks to deprive him of access to the house; Bice claims that Wheeler failed to pay the rent due under the residential lease and that, in May 2007, Wheeler voluntarily abandoned possession of the house.
 

 Finally, Wheeler claims that Bice, through Melton, misrepresented that he would sell the house to Wheeler, while Bice claims that Wheeler misrepresented to Melton that he would abide by the terms of the residential lease.
 

 On January 15, 2008, Wheeler sued Bice, Melton, and Melton’s wife, Valerie Everitte (“Valerie”). Wheeler alleged that he had negotiated with Melton concerning a contract to purchase the house (“the alleged purchase contract”) before he entered into the alleged purchase contract in March 2007. He further alleged that he had been induced to enter into the alleged purchase contract by the defendants’ misrepresentations that they would sell him the house; that the defendants breached the alleged purchase contract by failing to sell him the house and by depriving him of possession of the house; and that he has suffered mental anguish, the loss of the money he had paid for the house, and the loss of the $32,000 he had spent on the renovation work. Based on those allegations, he stated claims of unjust enrichment, breach of contract, fraud, conversion, failure to deliver possession, and unlawful ouster. In addition, he included a prayer for damages for mental
 
 *1079
 
 anguish as though it constituted a separate claim rather than an element of damages.
 

 Answering, Bice, Melton, and Valerie denied liability. In addition, Bice asserted a counterclaim against Wheeler. In his counterclaim, Bice alleged that Wheeler had entered into a contract to lease the house (“the alleged lease contract”), that Wheeler had falsely represented that he would abide by the terms of the alleged lease contract, that the alleged lease contract prohibited Wheeler from altering the house without Bice’s consent, that Wheeler had made alterations to the house without Bice’s consent, that the alterations were of poor quality and that the house would have to be restored to its original condition, that Bice would incur expenses in restoring the house to its original condition, that the alleged lease contract prohibited Wheeler from vacating the house before the expiration of its term, and that Wheeler had breached the alleged lease contract by vacating the house before the expiration of its term. Based on those factual allegations, Bice asserted claims of breach of contract, fraud, negligence, and wantonness.
 

 On October 24, 2008, Bice moved for a partial summary judgment with respect to Wheeler’s claims of unjust enrichment, fraud, breach of contract, and failure to deliver possession. With respect to Wheeler’s claim of unjust enrichment, Bice asserted that, if the transaction between him and Wheeler constituted a lease contract, he was entitled to a summary judgment because, he said, the courts have held that the theory of unjust enrichment does not apply to improvements on leased land made by a lessee. Moreover, he asserted that, if the transaction between him and Wheeler constituted a purchase contract, he was entitled to a summary judgment because, he said, Wheeler could not establish that Bice knowingly accepted the benefit of the alleged improvements to the house or that Wheeler had a reasonable expectation to be compensated by Bice for renovating a house that Bice had allegedly contracted to sell him.
 

 With respect to Wheeler’s breach-of-contract claim, Bice asserted that he was entitled to a summary judgment because, he said, the alleged purchase contract was barred by the Statute of Frauds because, he said, no written purchase contract existed and because, he said, Wheeler had taken possession of the house as a lessee, which, according to Bice, disqualified Wheeler from asserting the partial-performance exception to the Statute of Frauds.
 
 [1]
 

 With respect to Wheeler’s fraud claim, Bice asserted that he was entitled to a summary judgment because, he said, Wheeler could not establish two essential elements of that claim. First, Bice asserted that Wheeler’s fraud claim was based on an alleged promise by Bice to sell the house to Wheeler; that, in order for such a promise to constitute actionable fraud, Wheeler would have to prove the elements of promissory fraud; and that Wheeler could not prove that, at the time Bice allegedly made that promise, he intended not to sell the house to Wheeler. Second, Bice asserted that Wheeler could not prove the element of reasonable reliance because, Bice said, Wheeler had been provided with documents indicating that Bice was leasing the house to Wheeler at the time Bice allegedly promised to sell the house to Wheeler.
 

 With respect to Wheeler’s claim of failure to deliver possession of the house, Bice
 
 *1080
 
 asserted that he was entitled to a summary judgment because, he said, the undisputed evidence established that possession of the house had been delivered to Wheeler.
 

 Wheeler filed a brief in opposition to Bice’s partial-summary-judgment motion. Following a hearing, the trial court, on March 10, 2009, entered an order granting Bice’s motion for a partial summary judgment.
 

 On May 19, 2009, pursuant to a stipulation filed by the parties, the trial court dismissed the claims against Valerie without prejudice. On June 29, 2009, Wheeler moved the trial court to certify its March 10, 2009, order granting Bice’s partial-summary-judgment motion as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. On July 22, 2009, the trial court granted that motion and certified its March 10, 2009, order as a final judgment pursuant to Rule 54(b). On August 28, 2009, Wheeler appealed to the supreme court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
 

 As a threshold matter, Bice argues that the trial court’s certification of its order granting Bice’s partial-summary-judgment motion as a final judgment was improper because, he says, Wheeler stated the same claims against both Bice and Melton, the claims with respect to which the trial court granted Bice’s partial-summary-judgment motion are still pending against Melton in the trial court, and, therefore, separate adjudications of those claims would pose an unreasonable risk of inconsistent results. Moreover, Bice argues that the issue whether the transaction between Bice and Wheeler constituted a purchase contract or a lease contract is common to some of the claims with respect to which the trial court granted Bice’s summary-judgment motion and some of Bice’s counterclaims against Wheeler, which are still pending in the trial court. Consequently, Bice says, separate adjudications of some of the claims with respect to which the trial court granted his partial-summary-judgment motion and some of his counterclaims would pose an unreasonable risk of inconsistent results. We agree.
 

 In
 
 Schlarb v. Lee,
 
 955 So.2d 418 (Ala.2006), the supreme court stated:
 

 “This Court looks with some disfavor upon certifications under Rule 54(b).
 

 “ ‘It bears repeating, here, that “ ‘[certifications under Rule 54(b) should be entered only in exceptional cases and should not be entered routinely.’ ”
 
 State v. Lawhorn,
 
 830 So.2d 720, 725 (Ala.2002) (quoting
 
 Baker v. Bennett,
 
 644 So.2d 901, 903 (Ala.1994), citing in turn
 
 Branch v. SouthTrust Bank of Dothan, N.A.,
 
 514 So.2d 1373 (Ala.1987)). “ ‘ “Appellate review in a piecemeal fashion is not favored.” ’ ”
 
 Goldome Credit Corp.
 
 [v.
 
 Player,
 
 869 So.2d 1146, 1148 (Ala.Civ.App.2003) ] (quoting
 
 Harper Sales Co. v. Brown, Stagner, Richardson, Inc.,
 
 742 So.2d 190, 192 (Ala.Civ.App.1999), quoting in turn
 
 Brown v. Whitaker Contracting Corp.,
 
 681 So.2d 226, 229 (Ala.Civ.App.1996)) (emphasis added).’
 

 “Dzwonkowski v. Sonitrol of Mobile, Inc.,
 
 892 So.2d 354, 363 (Ala.2004). Also, a Rule 54(b) certification should not be entered if the issues in the claim being certified and a claim that will remain pending in the trial court ‘ “are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.” ’
 
 Clarke-Mobile Counties Gas Dist. v. Prior Energy Corp.,
 
 834 So.2d 88, 95 (Ala.2002) (quoting
 
 Branch v. SouthTrust Bank of Dothan, N.A.,
 
 514 So.2d 1373, 1374 (Ala.1987)).”
 

 
 *1081
 
 955 So.2d at 419-20.
 
 See also Howard v. Allstate Ins. Co.,
 
 9 So.3d 1213, 1215 (Ala.2008).
 

 We hold that the trial court exceeded its discretion in certifying its order granting Bice’s partial-summary-judgment motion as a final judgment because issues related to those claims are so intertwined with issues related to claims and counterclaims that remain pending before the trial court that separate adjudications would pose an unreasonable risk of inconsistent results.
 
 See Schlarb v. Lee,
 
 supra, and
 
 Howard v. Allstate Ins. Co.,
 
 supra. A nonfinal judgment will not support an appeal.
 
 Id.
 
 Therefore, we dismiss Wheeler’s appeal as being from a nonfinal judgment.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . The Statute of Frauds is codified as § 8-9-2, Ala.Code 1975. The partial-performance exception is contained in § 8 — 9—2(5).