BRYAN, Judge.
Marshall Auto Painting & Collision, Inc. (“Marshall”), a plaintiff below, appeals from a summary judgment in favor of the defendants below, Peach Auto Painting & Collision, Inc. (“Peach”), and its employees, Richard Franks, Jeff Adams, Brenda Scott, Don Reynolds, and Albert Ricouard (collectively “Peach’s employees”). We dismiss the appeal.
Marshall and Peach are business competitors in Mobile. On March 11, 2005, Marshall sued Peach and Peach’s employees. Marshall alleged that, in 2004, Peach’s employees, acting on behalf of Peach, had entered Marshall’s premises during business hours without permission and had offered money to some of Marshall’s employees as an inducement to leave their employment with Marshall and accept employment with Peach and to provide Peach with information concerning Marshall’s customer lists, pricing terms, and hourly rates so that Peach could take business away from Marshall. Marshall further alleged that Peach’s employees persisted in that course of conduct despite being told to stop by Marshall’s president and chief executive officer, Wayne Har-tung. In addition, Marshall alleged that the acts of Peach’s employees induced some of Marshall’s employees to leave their employment with Marshall and accept employment with Peach and that, subsequently, Peach’s employees offered those former Marshall employees money to induce them to disclose information concerning Marshall’s contracts with third parties, its customers, its pricing information, and its hourly rates. Marshall also alleged that, when Hartung went to Peach’s premises to reiterate that Peach’s employees should stop entering Marshall’s premises during business hours and soliciting Marshall’s employees, Reynolds caused Hartung to be arrested for criminal trespass, criminal mischief, and assault in order to harm Marshall’s business. Based on those allegations, Marshall stated claims of interference with business contracts, theft of trade secrets, tortious interference with business relations, trespass, negligence, and wantonness.
*396 On April 22, 2005, Peach and Peach’s employees answered Marshall’s complaint. Also on April 22, Peach and Reynolds asserted a counterclaim against Marshall and filed a third-party complaint against Hartung. As the factual basis of their counterclaim and third-party complaint, Peach and Reynolds alleged that Hartung, acting on behalf of Marshall, had come to Peach’s premises, that Hartung had assaulted Reynolds, and that Hartung had damaged work that Peach had performed on an automobile belonging to one of Peach’s customers. Based on those allegations, Peach and Reynolds stated claims of trespass, assault and battery, negligence, and wantonness against Marshall and Har-tung.
On July 24, 2006, Marshall amended its complaint to add Hartung as an additional plaintiff and to add two claims on behalf of Hartung. First, Hartung stated a claim of malicious prosecution against Scott and Reynolds based on allegations that they had caused Hartung to be charged with criminal trespass, criminal mischief, and assault without probable cause to believe that Hartung had committed those crimes and that the prosecution of those criminal charges against Hartung had been terminated in his favor. Second, Hartung stated a claim of abuse of process against Peach and Peach’s employees based on allegations that Peach’s employees had obtained the issuance of writs of arrest against Hartung for criminal trespass, criminal mischief, and assault for the improper purposes of embarrassing Hartung and hurting Marshall’s business.
On December 19, 2007, Peach and Peach’s employees moved for a partial summary judgment with respect to all the claims against them. Thereafter, Marshall and Hartung filed a pleading and a brief in opposition to the partial-summary-judgment motion. The record on appeal does not contain a ruling on the December 19, 2007, summary-judgment motion.
On May 21, 2008, Peach and Peach’s employees filed a renewed partial-summary-judgment motion with respect to all the claims against them. On June 25, 2008, Marshall and Hartung filed a pleading, a brief, and evidence in opposition to the renewed partial-summary-judgment motion. On August 26, 2008, the trial court entered an order granting the renewed partial-summary-judgment motion with respect to Marshall’s claims of theft of trade secrets, trespass, negligence, and wantonness and denying the renewed partial-summary-judgment motion with respect to all the other claims against Peach and Peach’s employees.
On May 8, 2009, Peach and Peach’s employees filed a renewed partial-summary-judgment motion with respect to all the claims still pending against them. On June 9, 2009, Marshall and Hartung responded to the May 8, 2009, renewed partial-summary-judgment motion. Peach and Peach’s employees replied to Marshall and Hartung’s response on June 11, 2009. Following a hearing, the trial court entered an order on July 22, 2009, granting the May 8, 2009, renewed partial-summary-judgment motion and certifying that order as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P.
Marshall and Hartung timely filed a postjudgment motion, which the trial court denied on August 26, 2009. Marshall then timely appealed to the supreme court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.[1]
If a trial court exceeds its discretion in certifying an order as a final judgment pursuant to Rule 54(b), the order is *397 not a final, appealable judgment. See Schlarb v. Lee, 955 So.2d 418, 419-20 (Ala.2006). Therefore, in the case now before us, we must first determine whether the trial court exceeded its discretion in certifying its June 22, 2009, order as a final judgment pursuant to Rule 54(b).
In Schlarb v. Lee, the supreme court stated:
“This Court looks with some disfavor upon certifications under Rule 54(b).
“ ‘It bears repeating, here, that “ ‘[cjertifications under Rule 54(b) should be entered only in exceptional cases and should not be entered routinely.’ ” State v. Lawhorn, 880 So.2d 720, 725 (Ala.2002) (quoting Baker v. Bennett, 644 So.2d 901, 903 (Ala.1994), citing in turn Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1378 (Ala.1987)). “ ‘ “Appellate review in a piecemeal fashion is not favored.” ’ ” Goldome Credit Corp. [v. Player, 869 So.2d 1146, 1148 (Ala.Civ.App.2003)] (quoting Harper Sales Co. v. Brown, Stagner, Richardson, Inc., 742 So.2d 190, 192 (Ala.Civ.App.1999), quoting in turn Brown v. Whitaker Contracting Corp., 681 So.2d 226, 229 (Ala.Civ.App.1996)) (emphasis added).’
“Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 363 (Ala.2004). Also, a Rule 54(b) certification should not be entered if the issues in the claim being certified and a claim that will remain pending in the trial court ‘ “are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.” ’ Clarke-Mobile Counties Gas Dist. v. Prior Energy Corp., 834 So.2d 88, 95 (Ala.2002) (quoting Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala.1987)).”
955 So.2d at 419-20. See also Howard v. Allstate Ins. Co., 9 So.3d 1213, 1215 (Ala.2008).
In the case now before us, Peach’s and Reynolds’s claims of trespass, assault and battery, negligence, and wantonness against Marshall and Hartung remain pending. The issue whether Hartung trespassed on Peach’s premises is material not only to Peach’s pending claim of trespass against Marshall and Hartung but also to Hartung’s adjudicated claims of malicious prosecution and abuse of process insofar as they are based on the charge of criminal trespass that was instituted against him. Likewise, the issue whether Hartung damaged work performed by Peach on a customer’s automobile is material not only to Peach’s pending claims of negligence and wantonness against Marshall and Hartung but also to Hartung’s adjudicated claims of malicious prosecution and abuse of process insofar as they are based on the charge of criminal mischief that was instituted against him. Moreover, the issue whether Hartung assaulted and battered Reynolds is material not only to Reynolds’s pending claim of assault and battery against Marshall and Hartung but also to Hartung’s adjudicated claims of malicious prosecution and abuse of process insofar as they are based on the criminal charge of assault that was instituted against Hartung. Accordingly, we conclude that the claims that remain pending and some of the claims adjudicated by the trial court have issues that “ ‘ “are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results,” ’ ” Schlarb v. Lee, 955 So.2d at 419-20 (quoting Clarke-Mobile Counties Gas Dist. v. Prior Energy Corp., 834 So.2d 88, 95 (Ala.2002), quoting in turn Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala.1987)). Moreover, although some of the claims adjudicated by the trial court do not have *398 issues intertwined with those that remain pending, “this case does not represent the kind of ‘exceptional case[ ]’ that warrants immediate appellate review under Rule 54(b).” North Alabama Elec. Coop. v. New Hope Tel. Coop., 7 So.3d 342, 345 (Ala.2008) (quoting Schlarb v. Lee, 955 So.2d at 419). Therefore, the trial court exceeded its discretion in certifying its July 22, 2009, order as a final judgment pursuant to Rule 54(b). See Schlarb v. Lee, 955 So.2d at 419-20. A nonfinal judgment will not support an appeal. Id. Consequently, we dismiss Marshall’s appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. Hartung has not appealed.