Brown, Stagner, Richardson, Inc., a food-brokerage business, sued Harper Sales Company, alleging breach of contract, intentional interference with a business relationship, and fraud and suppression. In its complaint, Brown, Stagner, Richardson alleged that it had entered into a contract with Harper Sales and that Harper Sales had agreed to service certain food-product lines on behalf of Brown, Stagner, Richardson in exchange for a percentage of the commissions from the sales of those food-product lines. Harper Sales Company answered and counterclaimed, seeking an accounting.
The trial court conducted a trial on Brown, Stagner, Richardson's claims against Harper Sales. The jury returned a verdict in favor of Brown, Stagner, Richardson and awarded damages of $113,115.34. The trial court entered a judgment on that verdict.
On September 9, 1998, the trial court entered an order in which it noted that Harper Sales' counterclaim for an accounting was still pending. The trial court purported to certify its original judgment as final, pursuant to Rule 54(b), Ala.R.Civ.P. Harper Sales appealed. The Supreme Court of Alabama transferred the appeal to this court, pursuant to § 12-2-7, Ala. Code 1975.
We note that the trial court, in its September 9, 1998, judgment, stated that it had earlier "severed" Harper Sales' counterclaim from the claim made by Brown, Stagner, Richardson. In their submissions to this court, the parties use the terms "severed" and "separated for trial" interchangeably. The distinction between those terms is important.
 "`The distinction is recognized in Rule 14(a), [Ala.R.Civ.P.], which provides [that] "Any party may move to strike the third-party claim, or for its severance or separate trial." [Quoting Key v. Robert M. Duke Insurance Agency, 340 So.2d 781, 783 (Ala. 1976)]. The distinction is also recognized by leading treatises on civil procedure. Wright and Miller state:
 "`"Rule 42(b) allows the court to order a separate trial of any claim, crossclaim, counterclaim, or third-party claim, or of any separate issue or of any number of claims or issues. The court may do so in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy. The procedure authorized by Rule 42(b) should be distinguished from severance under Rule 21. Separate trials will usually result in one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently. *Page 192 
Unfortunately this distinction, clear enough in theory, is often obscured in practice since at times the courts talk of `separate trial' and `severance' interchangeably." (Footnotes omitted.)
 "`Federal Practice and Procedure: Civil § 2387 (1971).'"
 Ex parte Palughi, 494 So.2d 404, 406
(Ala. 1986).
We conclude that the trial court's purported "severance" of the counterclaim was actually an order for separate trials of the issues raised by the parties. See Ex parte Palughi, supra. When the trial court orders separate trials of the issues in an action, a single judgment results; therefore, if the trial court wishes to enter a judgment on fewer than all of the claims involved in the action, it must make its order final pursuant to Rule 54(b), Ala.R.Civ.P. Interstate Truck Leasing, Inc. v. Bender, 608 So.2d 716
(Ala. 1992). In our preliminary examination of the record on appeal, this court determined that the trial court's September 9, 1998, order did not comply with the requirements of Rule 54(b) or with the requirements of Brown v. Whitaker Contracting Corp.,681 So.2d 226 (Ala.Civ.App. 1996). This court remanded the cause for the trial court to enter an order in compliance with Brown v.Whitaker Contracting Corp. After reviewing the trial court's response to that order, we must hold that the judgment on the jury verdict is not appropriate for certification as a final judgment pursuant to Rule 54(b), Ala.R.Civ.P. The counterclaim that remains pending seeks to have the trial court require Brown, Stagner, Richardson provide an accounting of the commissions on the disputed accounts relating to the food-product lines and to require Brown, Stagner, Richardson to pay any amounts that it might have improperly withheld. The jury determined that Harper Sales was liable on at least one of Brown, Stagner, Richardson's claims and ordered Harper Sales to pay damages. However, there has been no determination as to whether the damages awarded might be offset by any amounts owed to Harper Sales as may be revealed by the accounting.
The parties and the trial court ask this court to review the merits of the issues raised from that portion of the judgment entered on the jury verdict. However, the trial court's later resolution of Harper Sales's counterclaim could affect the amount of damages awarded in this action. Therefore, we conclude that, in this case, Rule 54(b) certification is not appropriate to transform the judgment on the jury verdict into a final judgment that would support an appeal. See Precision American Corp. v.Leasing Service Corp., 505 So.2d 380 (Ala. 1987); Bacadam OutdoorAdvertising, Inc. v. Kennard, 721 So.2d 226 (Ala.Civ.App. 1998). "Appellate review in a piecemeal fashion is not favored, and trial courts should certify a judgment as final, pursuant to Rule 54(b), only in a case where the failure to do so might have a harsh effect." Brown v. Whitaker Contracting Corp., 681 So.2d at 229 (citation omitted).
The judgment on the jury verdict was not a final judgment, and, because of the nature of the pending counterclaim, could not be transformed into a final judgment by a Rule 54(b) certification. The Rule 54(b) certification is due to be set aside. The judgment from which this appeal was taken is not final. A nonfinal judgment will not support an appeal; thus, this appeal is due to be dismissed. Bacadam Outdoor Advertising, Inc.v. Kennard, supra.
DISMISSED.
Robertson, P.J., and Monroe and Crawley, JJ., concur.
Yates, J., concurs in the result. *Page 193