STUART, Justice.
 

 Christopher Howard and Linda Howard, individually and as mother and next friend of Lacy Howard and Ratlin Howard, appeal the summary judgments entered in favor of Allstate Insurance Company, Preston Thompson, Perry Thompson, and South Alabama Property Services, Inc. (“SAPS”), defendants in an action filed by the Howards in the Mobile Circuit Court. We dismiss the appeal.
 

 I.
 

 On February 26, 2007, the Howards were traveling southbound on Schillinger Road in Mobile when, after slowing down to make a left turn, the 1993 Buick Regal automobile they were traveling in was
 
 *1214
 
 struck in the rear by a 2001 Chevrolet Silverado 1500 pickup truck driven by Tomas Gonzales.
 
 [1]
 
 All four members of the Howard family'were injured in the accident.
 

 The truck Gonzales was driving at the time of the accident was owned by Preston Thompson. Preston and his wife Rachel own SAPS, a company that cleans and services foreclosed homes, and Gonzales worked at least occasionally as a laborer for SAPS.
 
 [2]
 
 On the date of the accident, Gonzales and his housemate, Juan Elizon-do, had been helping Preston and his brother Perry move furniture and items belonging to the family between Mobile and Baldwin Counties.
 
 [3]
 
 After their work in Baldwin County was completed, Preston allowed Elizondo to drive the truck home to Mobile so that Elizondo could transport a piece of furniture he wanted and so that Preston did not have to drive them back to Mobile and then return to Baldwin County, where he lived. Preston and Elizondo agree that Preston specifically told Elizon-do not to let Gonzales drive the truck, because Preston was aware that Gonzales had problems with his eyesight.
 

 Elizondo claims that, after Gonzales and Elizondo returned home, he showered and went to bed to rest his ankle, which he had hurt that day. He further states that the keys to the truck were in his room when he went to bed. Gonzales, however, claims that Elizondo gave him the keys to the truck later that night so that Gonzales could get them some food. Elizondo denies this; he claims that Gonzales must have taken the keys to the truck while he slept. Regardless of how he got the keys, Gonzales subsequently left in the truck and was involved in the accident with the Howards.
 

 On March 23, 2007, the Howards sued Gonzales, Preston and Rachel Thompson, Perry Thompson, and SAPS in the Mobile Circuit Court, asserting claims of negligence and
 
 wantonness.
 

 [4]
 

 On December 12, 2007, Allstate filed a motion to intervene in the case, noting that it had issued an automobile-insurance policy to Preston on the truck involved in the accident and that there were outstanding issues regarding coverage for the accident with the How-ards. Allstate maintained that there was no coverage for the accident because, it argued, Gonzales was not an insured person under the policy.
 

 Between December 17, 2007, and January 15, 2008, Preston, Perry, SAPS, and Allstate all moved separately for a summary judgment, arguing that Gonzales was not acting as an agent or employee of Preston or SAPS at the time of the accident and that nobody had given Gonzales permission or authorization to use the truck on the date of the accident; the Howards opposed the motions. On February 13, 2008, the Howards amended their complaint to assert additional negligence and wantonness claims and to add Elizon-do as a defendant, arguing that he was an agent of Preston, Perry, and/or SAPS and that he had negligently or wantonly either entrusted Gonzales with the truck or failed to secure the keys to the truck.
 

 
 *1215
 
 On March 7, 2008, the trial court granted the pending summary-judgment motions and dismissed those defendants from the case. They subsequently moved the trial court to make those judgments final pursuant to Rule 54(b), Ala. R. Civ. P., and, on May 23, 2008, over the Howards’ objection, the trial court granted those motions and entered an order making the previously entered summary judgments final. On May 23, 2008, the Howards filed their notice of appeal to this Court.
 

 II.
 

 “This Court looks with some disfavor upon certifications under Rule 54(b).
 

 “ ‘It bears repeating, here, that “ ‘[cjertifications under Rule 54(b) should be entered only in exceptional eases and should not be entered routinely.’ ”
 
 State v. Lawhorn,
 
 830 So.2d 720, 725 (Ala.2002) (quoting
 
 Baker v. Bennett,
 
 644 So.2d 901, 903 (Ala.1994), citing in turn
 
 Branch v. SouthTrust Bank of Dothan, N.A.,
 
 514 So.2d 1373 (Ala.1987)). “ ‘ “Appellate
 
 review in a piecemeal fashion is not favored.”
 
 ’ ”
 
 Goldome Credit Corp. [v. Player,
 
 869 So.2d 1146, 1148 (Ala.Civ.App.2003)] (quoting
 
 Harper Sales Co. v. Brown, Stagner, Richardson, Inc.,
 
 742 So.2d 190, 192 (Ala.Civ.App.1999), quoting in turn
 
 Brown v. Whitaker Contracting Corp.,
 
 681 So.2d 226, 229 (Ala.Civ. App.1996)) (emphasis added).’
 

 “Dzruonkoivski v. Sonitrol of Mobile, Inc.,
 
 892 So.2d 354, 363 (Ala.2004). Also, a Rule 54(b) certification should not be entered if the issues in the claim being certified and a claim that will remain pending in the trial court ‘ “are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.” ’
 
 Clarke-Mobile Counties Gas Dist. v. Prior Energy Corp.,
 
 834 So.2d 88, 95 (Ala.2002) (quoting
 
 Branch v. SouthTrust Bank of Do-than, N.A.,
 
 514 So.2d 1373, 1374 (Ala.1987)).”
 

 Schlarb v. Lee,
 
 955 So.2d 418, 419-20 (Ala. 2006). In the instant case, the trial court certified as final the judgments entered in favor of Preston, Perry, SAPS, and Allstate while the claims against Gonzales and the claims made against Elizondo, asserted after the other defendants had moved for summary judgments, remained pending. The claims against Gonzales specifically alleged that he was acting in the line and scope of his employment with Preston and SAPS at the time of the accident; the claims against Elizondo specifically alleged that “at all material times” Elizondo was acting as an agent, servant, or employee for Preston, Perry, and SAPS. It would accordingly be contrary to the interests of justice to adjudicate these remaining claims against Gonzales and Eli-zondo separately from the claims against the other defendants; the common issues are intertwined. We therefore conclude that the trial court exceeded its discretion in certifying the summary judgments against Preston, Perry, SAPS, and Allstate as final. Because “[a] nonfinal judgment will not support an appeal,”
 
 Dzwcmkowski v. Sonitrol of Mobile, Inc.,
 
 892 So.2d 354, 363 (Ala.2004), the Howards’ appeal must be dismissed.
 

 APPEAL DISMISSED.
 

 COBB, C.J., and LYONS, BOLIN, and MURDOCK, JJ., concur.
 

 [1]
 

 . Gonzales also goes by the names Gonzales Tomas, Diego Gonzales, Julio Tomas, Gomez, Martinez, and Matias.
 

 [2]
 

 . Preston states that Gonzales was never a full-time employee and that lie merely worked sporadically as a day laborer.
 

 [3]
 

 . Preston states that Gonzales and Elizondo volunteered to help him and Perry move furniture that day, that the work was unrelated to SAPS, and that Gonzales and Elizondo were not
 
 compensated for
 
 their help.
 

 [4]
 

 . After taking her deposition, the Howards agreed to dismiss Rachel as a defendant.