LYONS, Justice.
 

 Centennial Associates, Ltd. (“Centennial”), and certain of its limited partners appeal from a summary judgment entered by the Jefferson Circuit Court on their claims against Donald N. Guthrie. We dismiss the appeal.
 

 Centennial, a limited partnership, owned real property in Hoover, on which a wedding chapel was operated. On February 28, 2007, Centennial and two of its limited partners, Edward L. Hammond and John H. Haley, Jr., sued two of Centennial’s general partners. The complaint alleged, in part, that the general partners had wrongfully transferred Centennial’s interest in the property in 2001 and again in 2006 without authorization and without disbursing payments from the transfer to the limited partners. Among other things, the complaint stated claims of fraud, conversion, suppression, and breach of fiduciary duty as to both the 2001 and the 2006 transfers. The complaint asserted claims against several other individuals and entities, including those entities to whom Centennial’s interest in the property had been transferred in 2001 and 2006.
 

 On August 14, 2007, Centennial, Hammond, and Haley amended the complaint to add two other limited partners as plaintiffs and to add Guthrie, the attorney who had prepared the closing documents for the 2001 and 2006 transactions, as a defendant. The amended complaint alleged that Guthrie had represented Centennial with respect to the 2001 and 2006 transactions and that he had breached the applicable standard of care in handling both the 2001 transaction and the 2006 transaction. The complaint stated a claim against Guthrie under the Alabama Legal Services Liability Act, § 6-5-570 et seq., Ala.Code 1975 (“the ALSLA”).
 

 Guthrie moved for a summary judgment. On April 3, 2008, the trial court granted that motion to the extent that the claim against Guthrie related to events that had occurred more than two years before the filing of the amended complaint; to that extent, the trial court held, the claim was barred by the two-year statute of limitations of the ALSLA. See § 6-5-574, Ala. Code 1975. The trial court denied Guthrie’s motion to the extent that the claim against him related to the 2006 transaction.
 

 Guthrie renewed his motion for a summary judgment, and on June 12, 2008, the trial court entered a summary judgment in Guthrie’s favor. The trial court found that the undisputed evidence showed that Centennial owned no interest in the property at the time of the
 
 2006
 
 transaction. The trial court concluded that Centennial and the limited partners “owned no legal interest in the ... property and therefore did not suffer any damage by any action of the defendant Guthrie.” The trial court certi
 
 *1279
 
 fied its order as final, pursuant to Rule 54(b), Ala. R. Civ. P., stating: “The Court further expressly determines that there is no just reason for delay and directs that this judgment be entered as final.”
 

 Centennial and the limited partners moved to alter or amend the June 12, 2008, order, and the trial court denied that motion. Centennial and the limited partners appealed. They assert that because the trial court certified its order as final pursuant to Rule 54(b), Ala. R. Civ. P., this Court has jurisdiction to consider the appeal. Guthrie does not challenge this assertion. On appeal, Centennial and the limited partners contend that the trial court erred in concluding that Centennial did not own any interest in the property in 2006.
 

 Rule 54(b), Ala. R. Civ. P., provides, in part:
 

 “When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or pai'ties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.”
 

 “If a trial court certifies a judgment as final pursuant to Rule 54(b), an appeal will generally lie from that judgment.”
 
 Baugus v. City of Florence,
 
 968 So.2d 529, 531 (Ala.2007).
 

 Although the order made the basis of the Rule 54(b) certification disposes of the entire claim against Guthrie, thus satisfying the requirements of Rule 54(b) dealing with eligibility for consideration as a final judgment, there remains the additional requirement that there be no just reason for delay. A trial court’s conclusion to that effect is subject to review by this Court to determine whether the trial court exceeded its discretion in so concluding. In
 
 Sears, Roebuck & Co. v. Mackey,
 
 351 U.S. 427, 437, 76 S.Ct. 895, 100 L.Ed. 1297 (1956), dealing with the comparable federal rule, Rule 54(b), Fed.R.Civ.P., the United States Supreme Court stated:
 

 “But the District Court may, by the exercise of its discretion in the interest of sound judicial administration, release for appeal final decisions upon one or more, but less than all, claims in multiple claims actions. The timing of such a release is, with good reason, vested by the rule primarily in the discretion of the District Court as the one most likely to be familiar with the case and with any justifiable reasons for delay. With equally good reason, any abuse of that discretion remains reviewable by the Court of Appeals.”
 

 See also
 
 Scrushy v. Tucker,
 
 955 So.2d 988, 996 (Ala.2006) (“Whether there was ‘no just reason for delay’ is an inquiry committed to the sound discretion of the trial court, and, as to that issue, we must determine whether the trial court exceeded its discretion.”).
 

 Reviewing the trial court’s finding of no just reason for delay in
 
 Schlarb v. Lee,
 
 955 So.2d 418, 419-20 (Ala.2006), this Court explained:
 

 “This Court looks with some disfavor upon certifications under Rule 54(b).
 

 “ ‘It bears repeating, here, that “ ‘[ejertifieations under Rule 54(b) should be entered only in exceptional cases and should not be entered routinely.’ ”
 
 State v. Lawhorn,
 
 830 So.2d 720, 725 (Ala.2002) (quoting
 
 Baker v.
 
 
 *1280
 

 Bennett,
 
 644 So.2d 901, 903 (Ala.1994), citing in turn
 
 Branch v. SouthTrust Bank of Dothan, N.A.,
 
 514 So.2d 1373 (Ala.1987)). “ ‘ “Appellate
 
 review in a piecemeal fashion is not favored.”
 
 ’ ”
 
 Goldome Credit Corp. [v. Player,
 
 869 So.2d 1146, 1148 (Ala.Civ.App.2003)] (quoting
 
 Harper Sales Co. v. Brown, Stagner, Richardson, Inc.,
 
 742 So.2d 190, 192 (Ala.Civ.App.1999), quoting in turn
 
 Brown v. Whitaker Contracting Corp.,
 
 681 So.2d 226, 229 (Ala.Civ. App.1996)) (emphasis added).’
 

 “Dzwonkowski v. Sonitrol of Mobile, Inc.,
 
 892 So.2d 354, 363 (Ala.2004). Also, a Rule 54(b) certification should not be entered if the issues in the claim being certified and a claim that will remain pending in the trial court ‘ “are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.” ’
 
 Clarke-Mobile Counties Gas Dist. v. Prior Energy Corp.,
 
 834 So.2d 88, 95 (Ala.2002) (quoting
 
 Branch v. SouthTrust Bank of Dothan, N.A.,
 
 514 So.2d 1373, 1374 (Ala. 1987)).”
 

 In
 
 Schlarb,
 
 the defendants terminated the plaintiffs employment, and the plaintiff sued, asserting claims of conversion, fraud, and breach of contract. 955 So.2d at 419. The trial court entered a summary judgment as to the conversion and fraud claims and certified the order as final under Rule 54(b). The breaeh-of-contract claim remained pending.
 
 Id.
 
 This Court determined that the claims as to which the Rule 54(b) certification had been entered and the pending claim were too intertwined for Rule 54(b) certification. 955 So.2d at 420. This Court stated:
 

 “The essence of both Schlarb’s fraud claim and her breach-of-contract claim is that [the defendants] agreed to, but did not, give her an ownership interest in [the company]. Before this Court, in arguing that she had an interest in [the company] sufficient to support her claim of conversion, Schlarb relies, in substantial part, upon her alleged discussions with [the defendants] concerning the division of ownership in [the company]. Under these circumstances, we conclude that, in the interest of justice, Schlarb’s fraud and conversion claims should not be adjudicated separately from the beach-of-contract claim.”
 

 955 So.2d at 420. Accordingly, this Court determined that the trial court had exceeded its discretion in certifying the judgment on the conversion and fraud claims as final under Rule 54(b), and it dismissed the appeal as being from a nonfinal judgment.
 
 Id.
 

 Similarly, in
 
 Howard v. Allstate Insurance Co.,
 
 9 So.3d 1213, 1215 (Ala.2008), this Court determined that the judgments on the claims against certain of the defendants had been improperly certified as final under Rule 54(b), because the pending claims against the remaining defendants depended upon the resolution of common issues. This Court stated:
 

 “[T]he trial court certified as final the judgments entered in favor of Preston, Perry, SAPS, and Allstate while the claims against Gonzales and the claims made against Elizondo, asserted after the other defendants had moved for summary judgments, remained pending. The claims against Gonzales specifically alleged that he was acting in the line and scope of his employment with Preston and SAPS at the time of the accident; the claims against Elizondo specifically alleged that ‘at all material times’ Elizondo was acting as an agent, servant, or employee for Preston, Perry, and
 
 *1281
 
 SAPS. It would accordingly be contrary to the interests of justice to adjudicate these remaining claims against Gonzales and Elizondo separately from the claims against the other defendants; the common issues are intertwined.”
 

 9 So.3d at 1215. See also
 
 Branch v. SouthTrust Bank of Dothan, N.A.,
 
 514 So.2d 1373, 1374 (Ala.1987) (finding claim certified as final and pending counterclaim too intertwined for Rule 54(b) certification). See also 10 Charles Alan Wright et al.,
 
 Federal Practice and Procedure
 
 § 2659 (1998):
 

 “It is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the district court renders its decision on the remaining claims or as to the remaining parties.
 

 “An appellate court also should not hear appeals that will require it to determine questions that remain before the trial court with regard to other claims.”
 

 (Footnotes omitted.)
 

 In this case, the trial court based its summary judgment for Guthrie on the ALSLA claim against him on the trial court’s finding that Centennial had no interest in the property in 2006. Before this Court, Centennial and the limited partners argue that they presented evidence sufficient to create an issue of fact regarding whether Centennial owned an interest in the property in 2006. The pending claims against the remaining defendants relative to the 2006 transaction, specifically, but not limited to, the claims alleging fraud, conversion, suppression, and breach of fiduciary duty, will require resolution of the same issue, i.e., whether Centennial owned an interest in the property in 2006.
 

 Accordingly, the issues in the claim against Guthrie, the judgment on which was certified as final under Rule 54(b), and the claims that remain pending in the trial court “are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.”
 
 Branch v. SouthTrust Bank of Dothan, N.A.,
 
 514 So.2d at 1374. As a result, the trial court exceeded its discretion in certifying the June 12, 2008, order as final. We therefore dismiss the appeal.
 

 APPEAL DISMISSED.
 

 COBB, C.J., and STUART, BOLIN, and MURDOCK, JJ., concur.