MOORE, Judge.
 

 On November 12, 2007, Michael Sparks and Gina Sparks filed a complaint in the Jefferson Circuit Court against Allstate Insurance Company
 
 [1]
 
 and Michael Roc-chio, an agent or employee of Allstate. The Sparkses alleged, among other things, that their mobile home, the personal contents in the mobile home, and an automobile owned by them had been destroyed by a fire, that Allstate had issued the insurance policies insuring the property, that they had filed a claim as to all the property under the policies issued by Allstate, and that Allstate had denied that claim, citing as its reasons that “[t]he fire was incendiary in nature” and “misrepresentation.” The Sparkses asserted claims against Allstate and Rocchio alleging breach of contract, refusal to pay under § 27-12-24, Ala.Code 1975, negligence, and bad faith; they sought both compensatory and punitive damages.
 

 On December 11, 2007, Allstate filed a notice of removal of the case to the United States District Court for the Northern District of Alabama, Southern Division. On December 20, 2007, the federal court, among other things, dismissed the negligence and bad-faith claims
 
 [2]
 
 asserted by the Sparkses against Rocchio and remand
 
 *538
 
 ed the case to the Jefferson Circuit Court (“the trial court”).
 

 Allstate Indemnity Company (hereinafter “Allstate”) filed an answer on January 9, 2008, denying the material allegations of the complaint and asserting numerous affirmative defenses.
 
 [3]
 
 Over the next several months, various discovery motions, as well as responses and objections to those discovery motions, were filed by the parties. Discovery continued and, on July 2, 2008, the trial court issued an order scheduling the case for a jury trial to take place on June 22, 2009; that trial setting was subsequently continued. Thereafter, on May 1, 2009, the Sparkses and Beverly Hosmer filed a “Motion for Leave of Court to Amend Complaint to Add Minor as a Party Plaintiff or in the Alternative Motion to Intervene.” The Sparkses and Hosmer asserted that, at the time of the fire, Gina Sparks had had custody of her grandchild, Jana (“the child”), whose mother is Hos-mer; that the child had lost personal property in the fire; that the child’s property was covered under the Sparkses’ insurance policies; and that the child had a contractual right to recover from Allstate for her loss. The Sparkses and Hosmer requested that the trial court either allow the Sparkses to amend their complaint to add the child as a party plaintiff or, in the alternative, to allow the child to intervene in the action as a party plaintiff. Allstate objected to the motion. The trial court entered an order allowing Hosmer, as the mother and next friend of the. child, to file a complaint in intervention on the child’s behalf. On November 3, 2009, Hosmer, on the child’s behalf, filed a “complaint in intervention” against Allstate, asserting claims of breach of contract, refusal to pay under § 27-12-24, Ala.Code 1975, and bad faith; she sought both compensatory and punitive damages.
 

 On November 12, 2009, Allstate filed a motion for a summary judgment on the claims asserted by the Sparkses, along with a brief and evidentiary materials in support thereof.
 
 [4]
 
 On December 11, 2009, the Sparkses filed a response to the summary-judgment motion, along with a brief and supporting evidentiary materials. On December 9, 2009, Allstate answered the intervenor’s complaint, denying the material allegations contained in the complaint and asserting numerous affirmative defenses. On December 21, 2009, the trial court entered an order that, among other things, granted Allstate’s summary-judgment motion as to the negligence, refusal-to-pay, and bad-faith claims asserted by the Sparkses; it denied the motion as to the Sparkses’ breach-of-contract claim. On January 24, 2010, the Sparkses filed a motion requesting that the trial court make the December 21, 2009, order a final order pursuant to Rule 54(b), Ala. R. Civ. P.; the trial court granted that motion on January 27, 2010. The Sparkses filed a notice of appeal to the Alabama Supreme Court on February 16, 2010;
 
 [5]
 
 that court subsequently transferred the appeal to this
 
 *539
 
 court, pursuant to § 12-2-7(6), Ala.Code 1975.
 

 On appeal, the Sparkses argue that the trial court erred in entering a summary judgment on their bad-faith claim against Allstate. Before we can address the Sparkses’ arguments, however, it is necessary to determine whether this court has jurisdiction to hear the Sparkses’ appeal.
 

 Rule 54(b), Ala. R. Civ. P., provides, in pertinent part:
 

 “When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties áre involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.”
 

 In
 
 Smith v. Slack Alost Development Services of Alabama, LLC,
 
 32 So.3d 556 (Ala. 2009), our supreme court addressed when a Rule 54(b) certification is appropriate:
 

 “ ‘If a trial court certifies a judgment as final pursuant to Rule 54(b), [Ala. R. Civ. P.,] an appeal will
 
 generally
 
 lie from that judgment.’
 
 Baugus v. City of Florence,
 
 968 So.2d 529, 531 (Ala.2007) (emphasis added). The exception to that rule is that this Court will not consider an appeal from a judgment certified as final under Rule 54(b) if it determines that the trial court exceeded its discretion in concluding that there is ‘no just reason for delay.’ Rule 54(b); see also
 
 Centennial Assocs., Ltd. v. Guthrie,
 
 20 So.3d 1277, 1279 (Ala.2009) (‘Although the order made the basis of the Rule 54(b) certification disposes of the entire claim against Guthrie, thus satisfying the requirements of Rule 54(b) dealing with eligibility for consideration as a final judgment, there remains the additional requirement that there be no just reason for delay. A trial court’s conclusion to that effect is subject to review by this Court to determine whether the trial court exceeded its discretion in so concluding.’). This Court has previously held that a trial court exceeds its discretion in this area when the claim or claims that remain pending in the trial court present issues that are ‘intertwined’ with the issues presented in the claim certified as final pursuant to Rule 54(b). See, e.g.,
 
 Howard v. Allstate Ins. Co.,
 
 9 So.3d 1213, 1215 (Ala.2008) (‘It would accordingly be contrary to the interests of justice to adjudicate these remaining claims against Gonzales and Elizondo separately from the claims against the other defendants; the common issues are intertwined.’).
 

 “In the instant case, it is apparent that at least some of the issues presented in the still pending claim against Smith are the same as the issues presented in the appeal now brought by Smith and Smith & Weems Investments. Weems and Smith are business partners accused of breaching the same real-estate contract, and, as Hazel did, Weems and Smith have both argued that Slack Alost never presented them with the original offering statement or the amended offering statement for the Bel Sole condominium development, in violation of § 35-8A-408[, Ala.Code 1975]. In
 
 Centennial Associates, Ltd.,
 
 we stated that ‘ “[i]t is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the [trial] court renders its decision on the remaining claims or as to the remaining parties.” ’ 20 So.3d at 1281 (quoting 10 Charles Alan Wright et al.,
 
 Federal Practice and Procedure
 
 
 *540
 
 § 2659 (1998)). Repeated appellate review of the same underlying facts would be a probability in this case, and, in light of this Court’s stated policy disfavoring appellate review in a piecemeal fashion, see
 
 Dzwonkowski v. Sonitrol of Mobile, Inc.,
 
 892 So.2d 354, 363 (Ala.2004), we accordingly hold that the trial court exceeded its discretion in certifying the judgment entered against Weems as final pursuant to Rule 54(b).”
 

 32 So.3d at 562-63.
 

 Just as in
 
 Smith,
 
 it is apparent that, in the present case, all the claims asserted on behalf of the child against Allstate in the “complaint in intervention,” including a claim of bad faith, had also been asserted by the Sparkses in their complaint against Allstate. The trial court entered a summary judgment on all the claims asserted against Allstate by the Sparkses except the Sparkses’ breach-of-contract claim, which remains pending in the trial court. All the claims asserted on behalf of the child, including a claim of bad faith, remain pending in the trial court. Because the “claims [asserted on behalf of the child] that remain pending in the trial court present issues that are ‘intertwined’ with the issues presented in the claim[s] certified as final pursuant to Rule 54(b),”
 
 see Smith,
 
 32 So.3d at 562, we conclude that the trial court exceeded its. discretion in certifying the partial summary judgment entered against the Sparkses as final pursuant to Rule 54(b). Accordingly, we dismiss the appeal.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ„ concur.
 

 [1]
 

 . On January 9, 2008, the Sparkses filed an amendment to their original complaint, inserting "Allstate Indemnity Company” in place of "Allstate Insurance Company.”
 

 [2]
 

 . The federal court’s memorandum opinion states that the Sparkses’ complaint asserted two causes of action against Rocchio — "negligent investigation and processing of an insurance claim (Count III) and bad faith refusal to pay that claim (Court IV)” — and that the Sparkses had amended their complaint to assert a claim of slander against Rocchio. Roc-chio is not a party to this appeal; on motion of the Sparkses, all the claims against Roc-chio were dismissed with prejudice by the Jefferson Circuit Court on April 29, 2009.
 

 [3]
 

 .
 
 See supra
 
 note 1.
 

 [4]
 

 . In footnote 2 of its brief in support of its summary-judgment motion, Allstate states:
 

 “Should Plaintiffs elect to amend their Complaint to add additional parties and/or claims, this Defendant respectfully requests an opportunity to conduct additional discovery on such new parties and/or claims; and the opportunity to supplement its motion for summary judgment and brief in support of summary judgment.”
 

 Therefore, it appears that Allstate included only the claims asserted by the Sparkses in its summary-judgment motion.
 

 [5]
 

 .On March 4, 2010, the Sparkses filed in the trial court a motion to stay the proceedings in the trial court pending the appeal; that motion was granted by the trial court on March 9, 2010.