BRYAN, Justice.
Raymond Patterson, the plaintiff below, appeals from a summary judgment entered in favor of some of the defendants below. We dismiss the appeal as being from a nonfinal judgment.
On August 7, 2007, Patterson visited a gasoline service station/convenience store in Theodore known as “R.C. Quick Stop” or “Mystik” (“the gas station”). At the time, a metal grate covered a drain in the area between the gasoline pumps and State Highway 90, which is adjacent to the gas station. When Patterson stepped on the grate, a section collapsed, and Patterson fell. Unfortunately, the record on appeal is unclear regarding the roles of some of the parties in this case. The record contains evidence indicating that Clifford H. Jackson, Jr., owned the gas station. C-Jack Enterprises, Inc. (“C-Jack”), a company formed by Jackson and his wife, was involved in the operation of the gas station around 1993. However, after 1993 the extent of C-Jack’s involvement with the gas station is unclear. The record contains evidence suggesting that C-Jack may have owned the gas station at some point. The record also indicates that C-Jack was involved in a remediation project of the premises and that C-Jack is involved in the operation of The Garden Hotel, which neighbors the gas station.
In 1995, Jackson leased the gas station to Roger Hau Nguyen. Nguyen is the registered agent for R.C. Spur, Inc., which was involved in the operation of the gas station during the term of Nguyen’s lease. In 2004, Nguyen subleased the gas station to Anil Patel. Patel formed Jai Maatadee, Inc., which was operating the gas station in 2007 when Patterson fell.
Following the accident, Patterson sued Jackson, C-Jack d/b/a The Garden Hotel, Patel, Jai Maatadee, Inc., d/b/a R.C. Quick Stop, R.C. Spur, and “Mystik.” Jackson died while the action was pending, and Jackson’s estate (“the estate”) was substituted as a defendant. Patterson’s complaint, as finally amended, alleged claims of negligence and wantonness based on a premises-liability theory and claims of negligent and wanton failure to warn. Patel and Jai Maatadee moved for a summary judgment, arguing that they owed no duty to Patterson because, they said, the accident did not occur on land controlled by them. According to Patel and Jai Maata-dee, the grate where Patterson fell is actually located on the public right-of-way adjacent to Highway 90, which is owned by the State of Alabama. Patel and Jai Maa-tadee also argued that, even if the grate was on property over which they had control, the grate was an open and obvious hazard and, therefore, they are not liable for any injury caused by the grate.
The estate also moved for a summary judgment. Like Patel and Jai Maatadee, the estate argued that the grate was located on property owned by the State and, in the alternative, that the grate was an open and obvious hazard. The estate further argued that, assuming that the grate was on Jackson’s property, Jackson, as the landlord, owed no duty to Patterson. *609 Rather, the estate argued, if any duty to Patterson existed, Patel, as Jackson’s tenant, owed the duty. C-Jack, the company formed by Jackson and his wife, also moved for a summary judgment, asserting various arguments, including those arguments made by Patel, Jai Maatadee, and the estate in their summary-judgment motions.
Patterson filed responses to the summary-judgment motions, arguing, among other things, that the grate was on property that had been owned by Jackson or C-Jack and that the grate was not an open and obvious hazard. The trial court entered a summary judgment in favor of the estate, Patel, Jai Maatadee, and R.C. Spur, without specifying its reasons; however, the trial court denied C-Jack’s summary-judgment motion. The trial court later vacated the summary judgment against R.C. Spur because R.C. Spur had not moved for a summary judgment.
Patterson appealed to this Court. Because the trial court’s summary judgment did not dispose of the claims against C-Jack, R.C. Spur, and “Mystik,” it was a nonfinal judgment. Thus, the clerk of this Court remanded the case for the trial court (1) to make the summary judgment entered against Patterson final pursuant to Rule 54(b), Ala. R. Civ. P.; or (2) to adjudicate the remaining claims, thus making the summary judgment entered against Patterson final and appealable; or (3) to take no action, in which case the appeal would be dismissed as being from a nonfi-nal judgment. The trial court subsequently entered an order purporting to certify the summary judgment entered against Patterson as final pursuant to Rule 54(b).
Before we consider Patterson’s arguments that the trial court erred in entering the summary judgment in favor of the estate, Patel, and Jai Maatadee, we must determine whether we have jurisdiction to hear this appeal. “[I]t is well settled that this Court may consider, ex mero motu, whether a judgment or order is sufficiently final to support an appeal.” Natures Way Marine, LLC v. Dunhill Entities, LP, 63 So.3d 615, 618 (Ala.2010).
“ ‘Ordinarily, an appeal can be brought only from a final judgment. Ala.Code 1975, § 12-22-2. If a case involves multiple claims or multiple parties, an order is generally not final unless it disposes of all claims as to all parties. Rule 54(b), Ala. R. Civ. P. However, when an action contains more than one claim for relief, Rule 54(b) allows the court to direct the entry of a final judgment as to one or more of the claims, if it makes the express determination that there is no just reason for delay.’ ”
North Alabama Elec. Coop. v. New Hope Tel. Coop., 7 So.3d 342, 344-45 (Ala.2008) (quoting Grantham v. Vanderzyl, 802 So.2d 1077, 1079-80 (Ala.2001)).
“Rule 54(b) provides, in part:
“ “When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.’
“This Court recently explained the appropriate standard for reviewing Rule 54(b) certifications, stating:
“ ‘ “If a trial court certifies a judgment as final pursuant to Rule 54(b), an appeal will generally lie from that judgment.” Baugus v. City of Florence, 968 So.2d 529, 531 (Ala.2007).
“ ‘Although the order made the basis of the Rule 54(b) certification disposes of the entire claim against [the defendant in this case], thus satisfying the requirements of Rule 54(b) dealing with eligibility for consideration as a final judgment, there remains the additional requirement that there be *610 no just reason for delay. A trial court’s conclusion to that effect is subject to review by this Court to determine whether the trial court exceeded its discretion in so concluding.’
“Centennial Assocs. v. Guthrie, 20 So.3d 1277, 1279 (Ala.2009). Reviewing the trial court’s finding in Schlarb v. Lee, 955 So.2d 418, 419-20 (Ala.2006), that there was no just reason for delay, this Court explained that certifications under Rule 54(b) are disfavored:
“ ‘This Court looks with some disfavor upon certifications under Rule 54(b).
“ ‘ “It bears repeating, here, that ‘ “[certifications under Rule 54(b) should be entered only in exceptional cases and should not be entered routinely.” ’ State v. Lawhorn, 830 So.2d 720, 725 (Ala.2002) (quoting Baker v. Bennett, 644 So.2d 901, 903 (Ala.1994), citing in turn Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373 (Ala.1987)). ‘ “ ‘Appellate review in a piecemeal fashion is not favored.’ ” ’ Goldome Credit Corp. [v. Player, 869 So.2d 1146, 1148 (Ala.Civ.App.2003)] (quoting Harper Sales Co. v. Brown, Stagner, Richardson, Inc., 742 So.2d 190, 192 (Ala.Civ.App.1999), quoting in turn Brown v. Whitaker Contracting Corp., 681 So.2d 226, 229 (Ala.Civ.App.1996)) (emphasis [omitted]).”
“ ‘Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 363 (Ala.2004).’
“In considering whether a trial court has exceeded its discretion in determining that there is no just reason for delay in entering a judgment, this Court has considered whether ‘the issues in the claim being certified and a claim that will remain pending in the trial court “ ‘are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.’ ” ’ Schlarb, 955 So.2d at 419-20 (quoting Clarke-Mobile Counties Gas Dist. v.
Prior Energy Corp., 834 So.2d 88, 95 (Ala.2002), quoting in turn Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373, 1374 (Ala.1987), and concluding that conversion and fraud claims were too intertwined with a pending breach-of-contract claim for Rule 54(b) certification when the propositions on which the appellant relied to support the claims were identical). See also Centennial Assocs., 20 So.3d at 1281 (concluding that claims against an attorney certified as final under Rule 54(b) were too closely intertwined with pending claims against other defendants when the pending claims required ‘resolution of the same issue’ as issue pending on appeal) .... ”
Lighting Fair, Inc. v. Rosenberg, 63 So.3d 1256, 1263-64 (Ala.2010).
In Smith v. Slack Alost Development Services of Alabama, LLC, 32 So.3d 556, 562-63 (Ala.2009), this Court discussed whether the Rule 54(b) certification was appropriate in that case:
“In the instant ease, it is apparent that at least some of the issues presented in the still pending claim against Smith are the same as the issues presented in the appeal now brought by Smith and Smith & Weems Investments. Weems and Smith are business partners accused of breaching the same real-estate contract, and, as Hazel did, Weems and Smith have both argued that Slack Alost never presented them with the original offering statement or the amended offering statement for the Bel Sole condominium development, in violation of § 35-8A-408[, Ala.Code 1975]. In Centennial Associates, Ltd.[ v. Guthrie, 20 So.3d 1277 (Ala.2009) ], we stated that ‘ “[i]t is uneconomical for an appellate court to review facts on an appeal following a Rule 54(b) certification that it is likely to be required to consider again when another appeal is brought after the [trial] court renders its decision on the remaining claims or as to the remaining parties.” ’ 20 So.3d at 1281 *611 (quoting 10 Charles Alan Wright et al., Federal Practice and Procedure § 2659 (1998)). Repeated appellate review of the same underlying facts would be a probability in this case, and, in light of this Court’s stated policy disfavoring appellate review in a piecemeal fashion, see Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 363 (Ala.2004), we accordingly hold that the trial court exceeded its discretion in certifying the judgment entered against Weems as final pursuant to Rule 54(b).”
See also Howard v. Allstate Ins. Co., 9 So.3d 1213, 1215 (Ala.2008) (“It would ... be contrary to the interests of justice to adjudicate these remaining claims against Gonzales and Elizondo separately from the claims against the other defendants; the common issues are intertwined.”).
Similarly, in this ease, some of the issues presented in the pending claims against R.C. Spur, C-Jack, and Mystik are the same issues presented in the claims decided by the judgment certified as final under Rule 54(b). Patterson has alleged the same claims against all the defendants. Whether the accident occurred on property owned by the State or whether it occurred on property owned or controlled by the defendants is a common issue among those claims. Further, whether the grate was an open and obvious hazard is a common issue among both the pending claims and the certified claims. Because the “claims that remain pending in the trial court present issues that are ‘intertwined’ with the issues presented in the claim[s] certified as final pursuant to Rule 54(b),” see Smith, 32 So.3d at 562, we conclude that the trial court exceeded its discretion in certifying the summary judgment entered in favor of the estate, Patel, and Jai Maatadee as final pursuant to Rule 54(b). Accordingly, the trial court’s Rule 54(b) certification was invalid, and this appeal is from a nonfinal judgment. Therefore, we dismiss the appeal.
APPEAL DISMISSED.
MOORE, C.J., and BOLIN, MURDOCK, and MAIN, JJ., concur.