MURDOCK, Justice.
Robert N. Barrett and Tracy C. Barrett appeal from two summary judgments in favor of Carlos Roman d/b/a Carlos Roman Roofing (“Roman”) and Bobby Beach d/b/a Just Brick Masonry (“Beach”) on all of the Barretts’ claims against Roman and Beach. We dismiss the appeal.

Facts and Procedural History

In 2006, Jonathan Whitten and his family were looking to buy a new house in Huntsville. Whitten’s friend, Robert Fu-gate, convinced Whitten to build a new house in the Ledges subdivision, the subdivision in which Fugate lived and in which Fugate had constructed new houses through the company for which he worked. The Whittens purchased a lot in the Ledges, and Whitten applied for a building permit from the City of Huntsville’s Department of Building Inspection to construct a residence for his personal use. On July 11, 2006, Whitten obtained the building permit. Because Whitten had never undertaken a home-building project before, Fugate agreed as a friend to provide extensive help with the project. To that end, Whitten placed Fugate in charge of selecting the materials and the subcontractors for the project, although Whitten was to pay for all materials and was to pay the subcontractors directly.
Fugate hired Ronnie Smith d/b/a Ronnie Smith Construction (“Smith”) to frame the house. During the framing stage, Whitten decided that overseeing the project was taking up too much of his time and that he and his family could not afford to live in the upscale neighborhood. As a result, Whitten asked Fugate to become the full-time supervisor for constructing the house; they agreed that they would offer the house for sale when it was completed and that they would evenly split any profits from the sale of the house.
Fugate hired Beach to install the brick veneer to the house, and he hired Roman to install the roof. Whitten testified that he did not know the subcontractors, and the subcontractors testified that they had had no contact "with Whitten but that they had dealt with Fugate. There were no written contracts between Whitten and the subcontractors or between Fugate and the subcontractors. The subcontractors presented invoices to Fugate, who forwarded them to Whitten, who paid the invoices.
On April 17, 2007, Huntsville’s Department of Building Inspection issued a certificate of occupancy to Whitten for the *146 residence at 174 Ledgeview Drive. The house was offered for sale, and on January 20, 2008, the Barretts entered into a sales contract with Whitten to purchase the property. On February 29, 2008, the Bar-retts closed on the purchase of the house for the price of $745,000. The sale generated $90,000 in profit, which Whitten and Fugate split so that each received $45,000.
After moving into the residence, the Barretts discovered multiple construction defects, including leaks, improper masonry work, bad flashing, missing brick ties, and other problems. The house allegedly had suffered severe water damage. On May 10, 2010, the Barretts filed an action in the Madison Circuit Court against Whitten and fictitiously named parties, alleging claims of suppression, negligence and wantonness, breaches of the implied warranties of habitability and workmanship, and a violation of the Deceptive Trade Practices Act. Whitten answered the complaint and asserted a counterclaim alleging breach of contract. The Barretts amended their complaint on July 9, 2010, to add a claim of breach of contract.
On August 31, 2010, Whitten filed a motion for leave to add as third-party defendants Smith, Beach, and Roman. Written alleged that each was a subcontractor on the project and that to the extent that he may be liable to the Barretts, the subcontractors were liable to him for indemnification, breach of express and implied warranties, and breach of duty. On September 2, 2010, the Barretts filed a response to Whitten’s motion in which they stated that they had no objection to the addition of the third-party defendants.
On October 14, 2010, Whitten filed a motion for a summary judgment or, in the alternative, to dismiss the Barretts’ claims against him for failure to arbitrate the claims. On January 11, 2011, Whitten filed a third-party complaint against Smith, Beach, and Roman, alleging the same claims he had mentioned in his motion to add the third-party defendants, i.e., common-law indemnification, breach of express and implied warranties, and breach of duty.
On May 30, 2012, Roman filed a motion for a summary judgment as to Whitten’s claims against him. On June 27, 2012, Beach likewise filed a motion for a summary judgment as to Whitten’s claims against him. The circuit court set all the summary-judgment motions to be heard on July 27, 2012.
On July 25, 2012, Whitten filed a motion to continue the summary-judgment hearing because of ongoing settlement discussions between Whitten and the Barretts. The Barretts likewise filed a motion to continue and to stay the hearing. On the same date, Whitten filed a response to the summary-judgment motions filed by Beach and Roman. Beach and Roman filed a joint motion to strike Whitten’s motion to continue the hearing.
On July 26, 2012, Beach and Roman filed a joint motion to strike certain portions of the affidavit Whitten had submitted in response to the summary-judgment motions of Beach and Roman. On the same date, the Barretts and Whitten reached a tentative settlement agreement. As part of the settlement, Whitten agreed to assign his claims against Smith, Roman, and Beach (“the subcontractors”) to the Barretts.
Later the same day, the Barretts filed a “second amended complaint” against Whit-ten, the subcontractors, and various fictitiously named parties in which they asserted claims of suppression, breach of the implied warranty of habitability, and breach of the Deceptive Trade Practices Act against Whitten, claims of negligence and wantonness, breach of the implied *147 warranty of good workmanship, and breach of express and implied contract against all defendants, and common-law indemnification, breach of express and implied warranties, and breach of duty against the subcontractors.
On July 27, 2012, prior to the execution of final settlement documents between the Barretts and Whitten, the circuit court conducted the hearing on the summary-judgment motions. In the hearing, the circuit court denied the motions to continue the hearing, denied Whitten’s motion for a summary judgment or, in the alternative, to dismiss Beach and Roman’s joint motion to strike portions of Whitten’s affidavit, and entered a summary judgment for Beach and Roman on the claims asserted against them by Whitten.
Later the same day, the Barretts and Whitten filed a joint stipulation of dismissal of fewer than all the parties in which, pursuant to the settlement between the Barretts and Whitten, the Barretts requested dismissal of their claims against Written and requested that Whitten be dismissed as a plaintiff in his third-party action against the subcontractors because, pursuant to the settlement agreement, “Whitten has assigned all third-party claims against all third-party defendants, [Smith], [Roman,] and [Beach] to the Bar-retts and Whitten is no longer a real party in interest and has no standing to present said claims. Said claims have been asserted in Barretts’ Second Amended Complaint.” On August 2, 2012, the circuit court granted the joint stipulation for dismissal.
On August 3, 2012, Roman filed a motion for a summary judgment as to the claims against him stated in the Barretts’ second amended complaint. On August 6, 2012, Beach likewise filed a motion for a summary judgment as to the claims against him stated in the Barretts’ second amended complaint.
On August 15, 2012, the Barretts filed what they called an “amended second amended complaint.” This complaint substituted the subcontractors for fictitiously named defendants. The Barretts explain in their brief on appeal that “[t]he sole purpose of the [amended second amended complaint] was to clarify [that] the Bar-retts were substituting Beach and Roman as fictitious party defendants for the purposes of asserting direct tort claims and adding them as defendants for the purposes of asserting assigned claims.”[1] Bar-retts’ brief, p. 6.
On October 12, 2012, Beach and Roman filed renewed motions for a summary judgment concerning the claims made against them in the Barretts’ amended second amended complaint. On October 30, 2012, the Barretts filed a “Motion to Reconsider Order Granting Third-Party Defendants’ Motions for Summary Judgment.” In that motion, the Barretts challenged the circuit court’s July 27, 2012, summary judgments in favor of Beach and Roman as to Whit-ten’s claims against them. On the following day, the Barretts filed their responses to the renewed motions for a summary judgment.
On November 2, 2013, the circuit court held a hearing on the renewed motions for a summary judgment filed by Beach and Roman. On November 21, 2012, the circuit court entered an order that provided, in pertinent part:
“1. The motion and renewed motion for summary judgment filed by the defendant, Carlos Roman d/b/a Roman’s Roof *148 ing [sic], are hereby granted. Accordingly, judgment is hereby entered in favor of the defendant, Carlos Roman d/b/a Roman’s Roofing, as to all claims asserted in the Complaint and any amendments thereto.
“2. The motion and renewed motion for summary judgment filed by the defendant, Bobby Beach d/b/a Just Brick It Masonry, are hereby granted. Accordingly, judgment is hereby entered in favor of the defendant, Bobby Beach d/b/a Just Brick It Masonry, as to all claims asserted in the complaint and any amendments thereto.
“3. Pursuant to Rule 54(b) of the Alabama Rules of Civil Procedure, it having been determined that there is no just reason for delay in the entry of a final judgment in favor of the defendants, Carlos Roman d/b/a Roman’s Roofing and Bobby Beach d/b/a Just Brick It Masonry, it is further ORDERED that the above judgments in favor of said defendants are final judgments.
“4. The motion to dismiss new claims asserted against Jonathan Whitten in the amended second amended complaint filed by the plaintiffs on September 26, 2012, is hereby granted.”
The Barretts appealed the circuit court’s order on December 21, 2012.

Analysis

Although neither party has raised the issue of the appropriateness of the circuit court’s Rule 54(b), Ala. R. Civ. P., certification of its November 21, 2012, summary-judgment order, this Court may consider that issue ex mero motu because the issue whether a judgment or order is sufficiently final to support an appeal is a jurisdictional one. See, e.g., Robinson v. Computer Servicenters, Inc., 360 So.2d 299, 302 (Ala.1978) (noting that “the trial court cannot confer appellate jurisdiction upon this [Cjourt through directing entry of judgment under Rule 54(b) if the judgment is not otherwise ‘final’ ”).
Rule 54(b) states, in pertinent part:
“When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.”
This Court has recently explained the standard for reviewing Rule 54(b) certifications:
“ ‘ “If a trial court certifies a judgment as final pursuant to Rule 54(b), an appeal will generally lie from that judgment.” Baugus v. City of Florence, 968 So.2d 529, 531 (Ala.2007).
“ ‘Although the order made the basis of the Rule 54(b) certification disposes of the entire claim against [the defendant in this case], thus satisfying the requirements of Rule 54(b) dealing with eligibility for consideration as a final judgment, there remains the additional requirement that there be no just reason for delay. A trial court’s conclusion to that effect is subject to review by this Court to determine whether the trial court exceeded its discretion in so concluding.’
“Centennial Assocs. v. Guthrie, 20 So.3d 1277, 1279 (Ala.2009). Reviewing the trial court’s finding in Schlarb v. Lee, 955 So.2d 418, 419-20 (Ala.2006), that there was no just reason for delay, this Court explained that certifications under Rule 54(b) are disfavored:
*149 “ ‘This Court looks with some disfavor upon certifications under Rule 54(b).
“ ‘ “It bears repeating, here, that ‘“[c]ertifications under Rule 54(b) should be entered only in exceptional cases and should not be entered routinely.” ’ State v. Lawhorn, 830 So.2d 720, 725 (Ala.2002) (quoting Baker v. Bennett, 644 So.2d 901, 903 (Ala.1994), citing in turn Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373 (Ala.1987)). ‘ “ ‘Appellate review in a piecemeal fashion is not favored.’ ” ’ Goldome Credit Corp. [v. Player, 869 So.2d 1146, 1148 (Ala.Civ.App.2003) ] (quoting Harper Sales Co. v. Brown, Stagner, Richardson, Inc., 742 So.2d 190, 192 (Ala.Civ.App.1999), quoting in turn Brown v. Whitaker Contracting Corp., 681 So.2d 226, 229 (Ala.Civ.App.1996)) (emphasis [omitted]).”
“ ‘Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 363 (Ala.2004).’
“In considering whether a trial court has exceeded its discretion in determining that there is no just reason for delay in entering a judgment, this Court has considered whether ‘the issues in the claim being certified and a claim that will remain pending in the trial court “ ‘are so closely intertwined that separate adjudication would pose an unreasonable risk of inconsistent results.”” Schlarb, 955 So.2d at 419-20 (quoting Clarke-Mobile Counties Gas Disk v. Prior Energy Corp., 834 So.2d 88, 95 (Ala.2002), quoting in turn Branch v. SouthTrust Bank of Dothan, N.A., 514 So.2d 1373,1374 (Ala.1987), and concluding that conversion and fraud claims were too intertwined with a pending breach-of-contract claim for Rule 54(b) certification when the propositions on which the appellant relied to support the claims were identical). See also Centennial Assocs., 20 So.3d at 1281 (concluding that claims against an attorney certified as final under Rule 54(b) were too closely intertwined with pending claims against other defendants when the pending claims required ‘resolution of the same issue’ as issue pending on appeal); and Howard v. Allstate Ins. Co., 9 So.3d 1213, 1215 (Ala.2008) (concluding that the judgments on the claims against certain of the defendants had been improperly certified as final under Rule 54(b) because the pending claims against the remaining defendants depended upon the resolution of common issues).”
Lighting Fair, Inc. v. Rosenberg, 63 So.3d 1256, 1263-64 (Ala.2010) (emphasis added).
With regard to the contract claims against the subcontractors assigned by Whitten to the Barretts, Beach and Roman contended that the Barretts could not maintain those claims because they were based on illegal contracts. Whitten never obtained a homebuilder’s license as required by § 34-14A-5, Ala.Code 1975.[2] Beach and Roman contended that the “owner of property” exception to that requirement contained in § 34-14A-6(5), Ala.Code 1975,[3] did not apply to Whitten *150 because he offered the residence for sale rather than occupying it. Beach and Roman thus contended that Whitten — and by extension the Barretts — -were barred from bringing claims based on Whitten’s contracts with the subcontractors, because § 34-14A-14, Ala.Code 1975, expressly states that “[a] residential home builder, who does not have the license required, shall not bring or maintain any action to enforce the provisions of any contract for residential home building which he or she entered into in violation of this chapter.”
Concerning the Barretts’ direct claims of negligence and wantonness against Beach and Roman, which the Barretts also brought against Smith, Beach and Roman made two arguments. First, they contended that the claims were barred by the two-year statute of limitations of § 6-2-38(0, Ala.Code 1975. Beach and Roman argued that the Barretts were aware of the identities of the subcontractors within one month of closing on the property because Whitten gave them a list of the subcontractors. At the latest, Beach and Roman contended, the Barretts became aware of the subcontractors’ identities in June 2010 through discovery when Whit-ten specifically identified them. The Bar-retts testified that they noticed defects in the construction of the residence shortly after they moved into the house in 2008. The Barretts did not name Beach and Roman as defendants in a complaint until July 26, 2012.
In the circuit court, the Barretts countered the statute-of-limitations argument by contending that the relation-back doctrine applied to their tort claims because they substituted the subcontractors for fictitiously named defendants in them August 15, 2012, amended second amended complaint. Beach and Roman responded that the relation-back doctrine should not apply because, they say, the Barretts’ substitution was not timely. Beach and Roman contended that at the latest the Barretts were aware of the subcontractors’ potential culpability when Whitten filed his motion to add the subcontractors as third-party defendants on August 31, 2010, two years before the Barretts substituted the subcontractors for the fictitiously named defendants.
Second, Beach and Roman argued that the Barretts’ tort claims could not succeed because, they argue, the subcontractors did not owe a duty to the Barretts; their duty for performance was to Whitten. Beach and Roman contended that they worked on the residence at the behest of and for the benefit of Whitten, not the Barretts.
The contentions of Beach and Roman pertaining to the legality of the assigned contract claims, the timeliness of the direct tort claims, and substantive viability of the tort claims apply as much to Smith — the framer of the residence — as they do to Beach and Roman. Just like Beach and Roman, Smith was a subcontractor hired by Fugate under the auspices of Whitten to perform part of the construction on the residence. As with Beach and Roman, Smith was originally named as a third-party defendant by Whitten in his third-party complaint, which alleged that the subcontractors were actually responsible for any alleged defects in the construction of the residence. The Barretts brought the same claims against Smith that they alleged against Beach and Roman in their amended complaints. Likewise, the Bar- *151 retts substituted Smith for a fictitiously named defendant in their amended second amended complaint just as they substituted Beach and Roman for fictitiously named defendants.
In short, the issues before us in this appeal require resolution of the same issues that are present in the claims pending in the circuit court against Smith. The November 21, 2012, judgment disposed of all of the Barretts’ claims against Beach and Roman, but it did not dispose of the Barretts’ claims against Smith.[4] Thus, our consideration of the circuit court’s summary judgments in favor of Beach and Roman as final would mean that the intertwined claims against the subcontractors named as defendants in this action would be litigated in piecemeal fashion.
The piecemeal adjudication of the claims against the subcontractors poses an unreasonable risk of inconsistent results. Therefore, we must conclude that the circuit court exceeded its discretion in certifying the summary judgments in favor of Beach and Roman as final. Because “[a] nonfinal judgment will not support an appeal,” Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 363 (Ala.2004), the Barretts’ appeal must be dismissed.
APPEAL DISMISSED.
MOORE, C.J., and BOLIN, MAIN, and BRYAN, JJ., concur.

. Although the Barretts mention only Beach and Roman in the above-quoted statement, their amended second amended complaint also substituted Smith for a fictitiously named defendant.

. Section 34-14A-5(a), Ala.Code 1975, provides that "[a]ll residential home builders shall be required to be licensed by the Home Builders Licensure Board annually.”

. Section § 34-14A-6(5), Ala.Code 1975, provides:
"This chapter does not apply to:
[[Image here]]
"(5) Owners of property when acting as their own contractor and providing all material supervision themselves, when building or improving one-family or two-family residences on such property for the occupancy or use of such owners and not offered for sale. *150 "In any action brought under this chapter, proof of the sale or offering for sale of such structure by the owners of property, as provided in this subdivision, within one year after completion of same is presumptive evidence that the construction was undertaken for the purpose of sale.”

. Neither the record on appeal nor the briefs of the parties provide an indication that the claims against Smith have been litigated to any degree in the circuit court despite the fact that the case-action summary shows that Smith has been provided copies of all the substantive filings and orders in this case.